## CHARLES WAITE and another *vs.* THOMAS B. VOSE.

*Contract—rescission of.   Exceptions.   Payment absolute and conditional.*

If a creditor takes unconditionally a cash order drawn upon him, in satisfaction of his debt, the debt is thereby paid; if the order be taken conditionally the debt will be paid so soon as the condition is performed. Thus, where the condition is that the amount of the order is due one on account of whose labor it is drawn, and that sum is in fact then due him, performance of the condition and payment of the debt are simultaneous and instantaneous, although the fact that the amount was then due the laborer is not ascertained till some time after. It is the fact and not the ascertainment of it that constitutes performance of the condition and makes the payment absolute.

Exceptions will not lie for a refusal to give instructions so abstract as not to plainly indicate their applicability to the circumstances of the case, and which, therefore, would afford no aid to the jury in coming to a correct conclusion.

After a refusal by the plaintiffs to carry out an alleged agreement to allow upon the account in suit an order drawn upon them, the defendant took the order from them and carried it to an attorney for advice ; *held,* that an instruction that this constituted a rescission of the agreement was properly refused.

ON EXCEPTIONS.

There was also a motion for a new trial but no question of law arose upon it.   Charles Waite & Co. were, in 1870, shipbuilders

and storekeepers in Calais, to whom the defendant was then in-debted upon the account upon which this action is founded, the amount not being in dispute. That firm were then constructing a vessel upon contract, part of the job being under-let to Orlo Dow, who hired John Maloney to do some of the work. Maloney was owing Mr. Vose, and in payment delivered to him an order drawn by Mr. Dow, in favor of Vose, (or endorsed to him by Maloney) upon the firm of Charles Waite & Co., the consideration of which was Maloney's labor upon the vessel under Dow. The controversy was whether or not B. F. Waite, a member of the firm of Charles Waite & Co., agreed that they would accept this order upon a condition that was performed; and whether or not such agreement, if made, was subsequently rescinded by the parties. It was ad-mitted that the order, if accepted when presented, would cancel the claim in suit. Mr. B. F. Waite testified positively that he "would not accept it upon any condition, because Dow kept draw-ing clear up all the time, and a little more :" but that Vose wanted him to see if they could not save something for him, so the order was left at the Waites' store ; that Dow was then owing them, continued in their debt, and owed them $77 at the time of trial; that at the date of the order and subsequently, they did not owe Maloney, who was hired by Dow, Dow being the only one they knew in the business. The defendant testified that B. F. Waite promised that the order should be accepted if the amount of the order was due Maloney. It was admitted that the sum was then due to him from Dow, for work on the vessel. A witness, called by the defendant, swore that he heard B. F. Waite tell Dow that he had "accepted of Tom Vose's order, because it was a lien claim ;" and Mr. Waite, when re-called, admitted that he paid two orders for larger sums drawn by Dow in favor of Maloney subsequently to the presentation of this one. The defence contended that the fact of Maloney's labor being a lien upon the vessel was the in-ducement for Mr. Waite's agreement to accept the order if any-thing was due Maloney, irrespective of the state of the accounts between them and Dow ; and that Mr. Waite never repudiated his

contract with the defendant to allow it, till after that lien was barred by lapse of time.   Upon Waite's refusal to give Vose credit for the order, the latter took it from their store and. carried it to the office of an attorney to obtain advice and have it collected, if practicable, where it was afterwards accidentally burned.

After the counsel for Mr. Vose had stated in his opening the nature of the defence, the plaintiffs asked to have the jury instructed that, assuming the truth of all that the defendant alleged, it would constitute no defence to the action, but the judge declined so to rule at that stage of the proceedings.   Several instructions were. asked for at the time the charge was given, the first and third of which were, substantially, that the legal positions assumed by the defendant, and the facts contended for by him, constituted no defence to the plaintiffs' claim; but the judge refused to give these, remarking that they were too general.   The second instruction prayed for, was that, if the payment was not actually consummated, any agreements made by B. F. Waite, which he afterward refused to carry out, would not constitute any defence to this action.   This also was refused.   The fourth request was to have the jury told that "Mr. Vose, taking back the order of Dow, not accepted, and leaving it with a lawyer for collection, will authorize the jury to infer that Vose gave up all claim against the Waites for the amount of the order."   The judge, in reference to this matter, said:   "On that, I say to you that there might have been this agreement, that it should be credited in this way, yet if the defendant afterward took it back, and consented to abandon or relinquish all right to have it allowed, then it would be a rescission of any former agreement; but if it was merely handed back to him, the plaintiffs refusing to carry out the former agreement, and so declaring to the defendant, who did not assent to any. rescission, but took it when so returned, and afterward left it with a lawyer for collection, or for him to see about it, that would not be a rescission."

The verdict was for the defendant, and the plaintiffs had their exceptions allowed, and filed their motion for a new trial.

*J. & G. F. Granger*, for the plaintiffs.

There was no payment of the sum due from the defendant upon the account of the plaintiffs against him ; only, at most, an unexecuted agreement to take a certain order in lieu of it. The defendant's remedy, if any, is for the non-performance of this agreement. *Jewett v. Cornforth*, 3 Maine, 107 ; *Mansur v. Keaton*, 46 Maine, 346 ; *Cushing v. Wyman*, 44 Maine, 121 ; *Bragg v. Pierce*, 53 Maine, 65 ; *Perkins v. Cushman*, 44 Maine, 484 ; *Clark v. Donovan*, 5 N. H., 136 ; *Bump v. Phœnix*, 6 Hill, 310 ; *Daniels v. Hollenbeck*, 19 Wend., 408 ; *Hawley v. Foster*, 19 Wend., 516 ; *Weddigen v. Boston Co.*, 100 Mass., 422 ; *Clifton v. Littlefield*, 106 Mass., 34 ; 1 Bouv. Law Dic., 18, Tit., Accord.

*F. A. Pike*, for the defendant.

WALTON, J. If a creditor takes a cash order, drawn on himself, in satisfaction of his debt, the debt is thereby paid. The effect is the same as if he had first paid the money to the holder of the order, and the latter had then paid it back to him. Such a transaction is not strictly an accord and satisfaction, which is the acceptance of some "collateral thing" in satisfaction of a debt, or claim for damages ; it more nearly resembles a cash payment. The idle ceremony of first handing the money to the holder of the order, and then taking it back again, is avoided ; but the effect is the same. It is a payment upon the same principle that a vast amount of indebtedness is daily extinguished in the great commercial centers, through the medium of clearing-houses, without a dollar of money passing. One debt is made to offset and pay another, till only a few small balances remain to be satisfied in cash.

Such payment may be absolute or conditional. If absolute, the debt is instantly extinguished. If conditional, the debt will be extinguished when the condition is performed. If the condition is that the amount named in the order is due the drawer, or due the one in consideration of whose services it is drawn, and there

is in fact that amount then due him, performance of the condition and payment of the debt are simultaneous and instantaneous, although the fact that the amount was then due the drawer, is not ascertained till some time after ; for it is the fact, and not the ascertainment of it, that constitutes performance of the condition, and makes the payment absolute.

In this case the presiding judge instructed the jury, that if Waite, one of the plaintiffs, "agreed the order should be in payment, if it was due Maloney, and it was in fact due Maloney, it would be a present credit at that amount." We think this instruction was correct. And such being the law, the evidence of what the agreement was, was of course properly admitted.

We are also of opinion that the requested instructions,—first, that the positions taken by the defendant in his defence constituted no defence ; second, that if the jury found that the payment was not actually consummated, any agreements made by Waite, which he declined to carry out, did not constitute any defence ; third, that the facts contended for by the defendant, if true, failed to support the defence,—were all properly refused. The first and third were obviously wrong. The second was too abstract, and not sufficiently applicable to the circumstances brought out in evidence, to be of service. It would be more likely to confuse than enlighten the jury. We are therefore of opinion that it was properly withheld.

We are also of opinion that the fourth requested instruction, as to the effect of the defendant's taking back the order, was properly withheld. The instructions which were given upon that point were correct, and in our judgment, were all that were needed.

The evidence in the case was conflicting, as it usually is, where the parties are witnesses. If there had been no dispute between them, there would have been no occasion for a lawsuit. There being a dispute, it of course manifested itself in their testimony. It was for the jury to determine which told the truth. The defendant's evidence, if believed, was sufficient to justify a verdict

in his favor. The jury seem to have believed it, for they returned a verdict in his favor. We think the verdict must stand.

*Motion and exceptions overruled.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and PETERS, JJ., concurred.