KELLY, Respondent, vs. WRIGHT, Appellant.

*January 18 — February 2, 1886.*

ATTORNEY AT LAW. *(1) Witness: Competency. (2) Authority to accept note in compromise of claim.*

1. Whether the testimony of an attorney as to the settlement of the cause of action is admissible against his former client, not decided.

.2. An attorney by virtue of his retainer alone has no authority to compromise a valid claim against a person presumably solvent and responsible, by accepting in full satisfaction thereof the note of an irresponsible person for a much smaller amount than the face of the claim.

APPEAL from the Circuit Court for *Waukesha* County. This action was brought to recover a balance alleged to be due the plaintiff from the defendant for services performed by him for the defendant as a farm laborer. The answer is (1) a general denial; and (2) that such services were rendered to and for the benefit of one Edward M. Wright, and were fully settled and paid for by the latter before this action was commenced.

It appeared on the trial that, during the time alleged in the complaint, the plaintiff worked on a farm owned by the defendant, *Edward P. Wright,* which farm was carried on by his step-son, Edward M. Wright. Edward M. is a brother-in-law of the plaintiff. The arrangement between the Wrights, under which the farm was carried on, does not fully appear. The testimony of the plaintiff tends to show that he was employed by the defendant to work on the farm; that of the defendant tends to show that he was employed by Edward M. Wright, and not by the defendant. An effort was made on the trial to show a settlement between the plaintiff and Edward M. Wright for the wages claimed. The testimony and proceedings on this branch of the case are stated in the opinion.

The jury found for the plaintiff, and assessed his damages. A motion for a new trial was denied. The plaintiff remitted a small sum from the verdict, and judgment for the residue was entered in his favor. The defendant appeals from the judgment.

*T. W. Haight,* for the appellant, to the point that the testimony of the attorney was not as to confidential communications, and was admissible, cited Bouvier's Law Dict. tit. CONFIDENTIAL COMMUNICATIONS; 1 Greenl. on Evi. sec. 246; Peake's Evi. 178–9; Best on Evi. secs. 185, 581; *Snow v. Gould,* 43 Am. Rep. 605. The testimony related to the acts of the witness as a representative of the plaintiff and his authority for such acts. " Every agent is a competent witness *ex necessitate."* *Mackay v. Rhinelander,* 1 Johns. Cas. 408; *Jones v. Hake,* 2 id. 60; *Abbott v. Sebor,* 3 id. 39; *Stewart v. Kip,* 5 Johns. 256; *Thallhimer v. Brinckerhoff,* 6 Cow. 90; *S. C.* 4 Wend. 394; *Webb v. Alexander,* 7 id. 281.

. For the respondent there was a brief by *Merton & Kearney,* and oral argument by *Mr. Merton.* To the point that an attorney has no authority to compromise a suit without the consent of his client, or to bind his client by such compromise, they cited *Kirk's Appeal,* 87 Pa. St. 243; *Holker v. Parker,* 7 Cranch, 436; *Abbe v. Rood,* 6 McLean, 106; *Derwort v. Loomer,* 21 Conn. 245; *Nolan v. Jackson,* 16 Ill. 272; *Doub v. Barnes,* 1 Md. Ch. 127; *Langdon v. Potter,* 13 Mass. 320; *Davidson v. Rosier,* 23 Mo. 387; *Filby v. Miller,* 25 Pa. St. 264; *Vail v. Conant,* 15 Vt. 314; *Lockhart v. Wyatt,* 10 Ala. 231; *Jones v. Ransom,* 3 Ind. 327; *Stuck v. Reese,* 15 Iowa, 122; *Weigel's Succession,* 18 La. Ann. 49; *Maddux v. Bevan,* 39 Md. 485; *Smith's Heirs v. Dixon,* 3 Met. (Ky.), 438; *North Whitehall v. Keller,* 100 Pa. St. 105; *Granger v. Batchelder,* 54 Vt. 248; *Herriman v. Shomon,* 24 Kans. 387; 2 Daniels on Neg. Inst. sec. 1245; *Wright v. Dailey,* 26 Tex. 730; *Harper v. Harvey,* 4 W. Va. 539; *Moye v. Cogdell,* 69 N. C. 93; *Mayer v. Blease,* 4 Rich. (S. C.), 10; *Maxwell v. Owen,* 7 Coldw. 630.

LYON, J.  The testimony is in conflict on the question whether the defendant employed the plaintiff to work for him on his farm.  The jury found that he did so employ the plaintiff, and there is sufficient testimony to support the verdict in that behalf.  The defendant was therefore primarily liable for the wages of the plaintiff earned in such service.  The amount of damages recovered is also within the testimony, and does not exceed the sum for which judgment is demanded in the complaint.

The only other questions which require consideration arise upon the testimony concerning a settlement of the cause of action, and the rulings of the circuit judge thereon. It appears that before this action was brought the plaintiff sued both of the Wrights for the same wages.  His attorney in that suit negotiated a settlement thereof with Edward M. Wright, and took his note for $80, payable in eight monthly instalments, in satisfaction of the plaintiff's claim, and then discontinued the suit.

Such attorney was called as a witness by the defendant, and testified to the above facts, subject to an objection to his competency.  He was examined fully in the case, and further testified, under like objection, that four or five days after he took the note he met plaintiff at the train to give it to him; that plaintiff said the note was of no use, that witness might keep it, and let Wright pay the money, and send it to him.  Some months later, perhaps a year, witness mailed the note to plaintiff, who within three days thereafter returned it to the witness and repudiated the settlement.  The witness further testified as follows:  "I think he knew of my taking the note within a week after I did so.  I am not positive.  I either wrote him or saw him on the train at that time."  In his charge to the jury the judge ruled out the testimony of the attorney as incompetent.

Nothing was ever paid on the note, and the same attorney testified that he informed plaintiff that he could not collect it.  No doubt the maker was irresponsible financially.

It will be observed that the attorney does not testify that the plaintiff ever authorized him to make the settlement he did. The plaintiff in his testimony denied knowledge of any settlement until he received the note; he also denied any recollection that he ever authorized his attorney to make a settlement; but testified that his attorney "tried to make a settlement, and said *Dr. Wright* [the defendant] would sign a note with the boy, and make his son [Edward M. Wright] pay it." The foregoing is the substance of all the testimony on the subject of the alleged settlement.

It will be assumed, for purposes of the case (but not decided), that the testimony of the attorney was erroneously ruled out. But such error does not necessarily work a reversal of the judgment. That result does not follow, unless the jury might properly have found, had the rejected testimony been submitted to them, either that there was a valid settlement of the plaintiff's claim, or, the settlement being unauthorized, that the plaintiff, with full knowledge of all the facts, ratified and confirmed it. With the testimony of the attorney retained in the case the record is barren of proof that such attorney was authorized to make any compromise of the claim. It requires no citation of authorities to show that an attorney, by virtue of his retainer alone, has no authority to compromise a valid claim for $300 against a person presumably solvent and responsible by accepting in full satisfaction thereof the note of an irresponsible person for $80.

Because there is no proof of authority to make the settlement, the plaintiff is not bound by it, unless he afterwards ratified it. It is essential to a valid ratification thereof that the plaintiff knew all the terms and stipulations of the compromise when he so ratified. There is no satisfactory evidence that he saw the note until it was sent to him a year later, more or less; or that until that time he knew the amount of it, when it was payable, or that it was signed by

Edward M. Wright alone. Had the jury found that he knew these things before the time indicated, the verdict would have been unsupported by the testimony.

We are thus brought to the conclusion that had the rejécted testimony of the attorney been retained, and the question of settlement been submitted to the jury, they could not properly have found a valid compromise of the plaintiff's claim, or an effectual ratification of the settlement which the attorney attempted to make. It follows that the ruling out of the attorney's testimony worked no injury to the defendant. The verdict would necessarily have been the same had the ruling been the other way. It is scarcely necessary to add that the ruling out of such testimony could not have affected the finding by the jury that the defendant employed the plaintiff to do the work and is liable for his services.

*By the Court.*— The judgment of the circuit court is affirmed.