J. A. MARTIN, Appellee, v., CAPITAL INSURANCE COM-
PANY, Appellant.

1. **Pleading**: DEMURRER: WAIVER OF ERRORS.    Error in sustaining a
demurrer to an answer is waived by the defendant pleading over.

85 643
95 543

85 643
98 226
99 424

85 643
102 432

85 643
108 343

85 643
112 584

85 643
113 730

85 643
142 396

2. **Practice:** EVIDENCE: CROSS-EXAMINATION. A witness cannot be inquired of upon cross-examination as to matters which were not the subject of his examination in chief.

3. **Evidence:** DECLARATIONS: COMPETENCY. In an action to recover upon a policy of insurance against fire, the defendant sought to prove the declarations of third persons as to directions given by the insured in regard to the removal of articles of personal property from the burning premises. *Held*, that, it appearing that the insured was from thirty to thirty-six feet away at the time of said declarations, and it not being shown that she could hear or did hear the conversation in question, the evidence was incompetent.

4. **Practice:** ADMISSION OF EVIDENCE: RULING OF COURT. The trial court may, in its discretion, withhold its ruling upon the admissibility of proof of a fact, proposed to be shown by the testimony of a witness, until questions to elicit such proof have been asked.

5. ———: ———. Where the burden of proof as to a fact in issue is upon the defendant, the court may, in its discretion, permit evidence upon such question to be introduced in behalf of the plaintiff in rebuttal of evidence offered by the defendant, after the evidence on both sides has been closed.

6. **Appeal:** ERROR WITHOUT PREJUDICE. Error in the exclusion of evidence which is subsequently admitted at another stage in the trial, and is, therefore, without prejudice, is not a good ground of complaint upon appeal.

7. **Attorney and Client:** POWER TO BIND CLIENT BY COMPROMISE. An attorney having a claim for collection cannot, in the absence of special authority, bind his client by an acceptance of less than the whole amount due.

8. **Practice in Supreme Court:** WHAT ERRORS CONSIDERED ON APPEAL. The effect of evidence produced on the trial of a cause upon a question not in issue will not be considered upon appeal to the supreme court.

9. **Fire Insurance:** RISK: USE OF PREMISES FOR UNLAWFUL PURPOSES: QUESTION FOR JURY. Whether the use of premises for a use different from that named in the conditions of a policy of insurance against fire, and which is itself unlawful, has the effect to increase the risk, is a question for the jury.

10. ———: ———: USE OF PREMISES UNAUTHORIZED BY POLICY: EFFECT. A use of insured premises which is in violation of the provisions of the policy, and which increases the risk, will avoid the policy, although such use may not have caused nor contributed to the loss.

11. ———: LOSS: VALUE OF PROPERTY: EVIDENCE. The amount stated in a policy of insurance against fire is not *prima facie* evidence of the value of personal property insured thereunder at the date of the policy.

*Appeal from Dallas District Court.*—HON. A. W. WIL-
KINSON and HON. J. H. HENDERSON, Judges.

THURSDAY, MAY 26, 1892.

ACTION upon a policy of insurance. From a ver-
dict and judgment for the plaintiff, the defendant
appeals.—*Reversed.*

*Read & Read*, for appellants.

*Cummins & Wright*, for appellee.

KINNE, J.—The policy under which the insurance
is claimed ran to John Fitzsimmons and the plaintiff,
and 'was for one thousand dollars upon a frame building,
and for five hundred dollars upon furniture, wearing
apparel, etc., contained therein. The plaintiff filed her
petition in the usual form, asking for one thousand,
five hundred dollars upon said policy, and alleging the
assignment to her of the claim of John Fitzsimmons and
the due performance by her of all the conditions of the
policy; that the value of the personal property destroyed
was one thousand, two hundred dollars and the value of
the building two thousand dollars; and attached to her
petition a copy of the policy and of the proofs of loss.
The defendant, in its answer, admits its corporate capac-
ity, and that it issued the policy sued upon, and denies
all other allegations in the plaintiff's petition. It also
pleaded that since the commencement of the action the
claim under the policy against it had been settled, and
the sum agreed upon, two hundred dollars, paid to the
plaintiff; also that the policy was procured by fraud
and misrepresentation by the plaintiff and her agents;
that said building was then used as a private dwelling
house, and that it would be used for no other purpose
during the continuance of the policy, and especially
that said building was not then used, and should not

thereafter during the life of said policy, be used, as a saloon, or as a place where intoxicating liquors were kept or sold in violation of law; that said representations were relied upon by the defendant, and it was thereby induced to issue its policy upon the property; and that said representations were false, and defendant tendered the plaintiff the premiums received. A further defense is that, contrary to the conditions of the policy, the risk was changed and increased by keeping and selling intoxicating liquors in the building insured; that the plaintiff did not use the proper means to save and protect the insured property from loss, as required by the policy. The plaintiff demurred to the third and sixth counts of the answer, and it was sustained, and the defendant filed an amendment setting out substitutes for said counts, alleging in substance that at the time the policy was issued, and afterwards, the premises were used as a place where intoxicating liquors were sold in violation of law, etc., and that the plaintiff, in making her proofs of loss, fraudulently concealed such fact for the purpose of defrauding the defendant. The cause was tried to a jury, who found for the plaintiff.

I.   It is said that the court erred in sustaining the demurrer to the third and sixth counts of the answer.

1. PLEADING: demurrer: waiver of errors.   We think the ruling on the demurrer to these counts of the answer was waived by the defendant's pleading over.

II.   The plaintiff, on cross-examination, was asked questions relating to officers having searched the house

2. PRACTICE: evidence: cross-examination.   for intoxicating liquors, and how many times it had been thus searched. An objection was sustained thereto on the ground of immateriality, and because it was not proper cross-examination. The ruling of the court was correct. The witness had not been asked on direct examination anything touching that matter.

III.   The witness, Morgan, was asked why he did not make any effort to remove anything from the house, and whether or not any one told him not to do so.   We think these questions as put, under the circumstances, were objectionable.   The defendant then proposed to prove that the witness undertook to save the personal property which was in the house, and was told by persons in the presence of the plaintiff not to do so; to let it go, as it was no good to her.   The court directed the defendant's counsel to proceed and ask his questions, and he would rule upon them.   This he did, and the testimony was admitted. The witness was asked:   "What, if anything, was said about Mrs. Martin's directions to them?"    An objection to it as incompetent was properly sustained.   The evidence showed that the plaintiff was from thirty to thirty-six feet away at the time, and there is nothing to show that she could or did hear the conversation between the parties and the witness, or that she had been taking any part in the conversation.

3. EVIDENCE: declarations: competency.

IV.   The witness, Myers, was asked if Mrs. Martin informed him at the time the policy was issued that the building was used as a place where intoxicating liquors were sold in violation of law. An objection was sustained to it as being incompetent.   The defendant's counsel then proposed to prove by the witness that at the time the policy was issued the plaintiff did not disclose or state that the property was so used.   The court suggested that he ask the questions, and he would rule on them.   The defendant declined, and excepted.   Surely the court must have power to exercise a reasonable discretion as to the manner of introducing the testimony.   The suggestion of the court was proper, and within its discretion, and, having failed to act thereon, the defendant cannot complain.

4. PRACTICE: admission of evidence: ruling of court.

V.   Complaint is also made because, after all the evidence on both sides was introduced, the court permitted the plaintiff, against the defendant's objection, to call a witness as to the value of the building in controversy.   There was no error in this.   Under the statute the policy is *prima facie* evidence of the value of the building; hence it was not incumbent on the plaintiff in the first instance to prove its value.   Acts of Eighteenth General Assembly, chapter 211, section 3; *Joy v. Security Fire Insurance Co.*, 83 Iowa 12.   The defendant having introduced evidence relative to the value of the building, the court properly permitted the plaintiff to rebut the same.

5. —: —.

VI.   Complaint is made because the court sustained objections to questions asked witnesses Campbell and Bell, as to whether or not the use of a dwelling house as a place where intoxicating liquors were sold in violation of law increased the hazard of the risk.   It was sought by one of these witnesses to show a certain classification of risks which was printed in a book.   It would seem, in such a case, that the book would be the best evidence; but whether that be so or not is not material, as this testimony was afterwards admitted.   So the ruling, in any event, was without prejudice.

6. APPEAL: error without prejudice.

VII.   Error is alleged in refusing to give the first instruction asked by the defendant, and in giving the eleventh, twelfth, and thirteenth instructions by the court on its own motion.   The instruction asked by the defendant, in substance, was that Cardell and Nichols had authority as attorneys, if they acted in good faith in the exercise of their best judgment, to settle and compromise the claim of the plaintiff.   The eleventh instruction complained of, and which was given by the court, was in effect that, if the claim sued upon was fully settled by Cardell and Nichols, the plaintiff's attorneys, and they

7. ATTORNEY and client: power to bind client by compromise.

had authority from the plaintiff to make said settlement, she would be bound thereby. In the twelfth the court told the jury that an attorney having a claim for collection, in the absence of special authority, could not accept as payment a less amount than the whole sum due; and in the thirteenth the jury were told that, if such attorneys were employed by the plaintiff to prosecute the claim sued upon, and she gave them full authority to act according to their best judgment, and to settle and compromise the claim for a less sum than that stated in the policy, she would be bound by any settlement made by them. We think the instructions given by the court embody the law correctly, and that the one asked by the defendant was properly refused. We have held that an attorney may make a valid agreement for a judgment against his client, and a stay of execution, *Potter v. Parsons,* 14 Iowa, 286; that an attorney can bind his client that judgment in a cause shall be the same as in another cause involving the same question, *Ohlquest v. Farwell,* 71 Iowa, 231; that an attorney who has a claim for collection has no power, in the absence of special authority, to accept as payment a less amount of money than the whole sum due, *Bigler v. Toy,* 68 Iowa, 688. The same doctrine is fully recognized in *Ohlquest v. Farwell,* 71 Iowa 231. The holding in *Bigler v. Toy, supra,* is in accord with the great weight of authority. *Hamrick v. Combs,* 14 Neb. 381; 15 N. W. Rep. 731; *Kelly v. Wright,* 65 Wis. 236; 26 N. W. Rep. 610; *Semple v. Atkinson,* 64 Mo. 506; *Davis v. Hall,* 90 Mo. 659; 3 S. W. Rep. 382; *Fritchey v. Bosley,* 56 Md. 96; *Isaacs v. Zugsmith,* 103 Pa. St. 77; *Whipple v. Whitman,* 13 R. I. 512; *Granger v. Batchelder,* 54 Vt. 248; *Wadhams v. Gay,* 73 Ill. 415; Mechem on Agency, section 813; 1 American and English Encyclopedia of Law, p. 965. The same rule above laid down may be said to be almost universal in this country, though in England it is otherwise.

VIII.  The appellant insists that the evidence
shows that the building was in fact, at the time the

<span style="font-variant: small-caps">8. Practice in supreme court: what errors considered on appeal.</span>

policy was issued, used for the illegal sale
of intoxicating liquors.  For the sake of
the argument it may be conceded.  There
is no such issue presented in the plead-
ings.  We are not called upon to decide what the effect
of an occupancy or use for selling liquors would be
where the policy described the property as a dwelling
house, and where it was so used, as well as for the
unlawful sale of liquors.  It will be observed, however,
that there is no provision in the policy expressly pro-
hibiting any change in the use of the property by the
insured.

IX.  Counsel urges that the court erred in refusing
to give the jury the second and fifth instructions asked

<span style="font-variant: small-caps">9. Fire insurance: risk: use of premises for unlawful purpose: question for jury.</span>

by the defendant.  The main thought of
these two instructions is that, if the build-
ing was used for any other purpose than a
dwelling house, it would invalidate the
policy.  It will be observed that there is nothing in this
policy which in express terms prohibits the use of the
building for any other purpose than a dwelling house.
The policy does, however, provide "that the risk shall
not be changed or increased in any manner," and if it
is it shall avoid the policy.  The defendant's contention
is that, if the property was used for an unauthorized
purpose, the court should hold as a matter of law that
that was a change and an increase of the risk which
would avoid the policy.  That there was a change in
the use of the building is clear.  The evidence shows
that intoxicating liquors were for a period of several
months sold in said building in violation of law.
Whether such use increased the risk could only be
determined by the jury.  Wood on Insurance, section
243; *Russell v. Cedar Rapids Insurance Co.*, 78 Iowa,
216; May on Insurance sections 218, 222, 223.  See

*Lee v. Agricultural Insurance Co.*, 79 Iowa, 382. The court properly refused to give the instructions.

X. Exception is taken to the ninth instruction given by the court, the latter part of which reads as

**10. ——: ——:** follows: "But should you find that the
use of prem-
ises unauthor- use she made of said building was in
ized by
policy: effect. violation of the terms of the warranties of the policy in suit, and that the same did increase or enhance the risk, and that the same caused or contributed to the loss, then the same would be material, and would render the policy null and void." A similar thought is also found in the eighth instruction, which is also objected to. In other words, these instructions announce the doctrine that the unauthorized and illegal use, in order to avoid the policy, must not only increase the risk or hazard, but must also have caused or contributed to the loss. We do not understand this to be the law. If the unauthorized use of the building increases the risk, it is entirely immaterial as to whether or not such use caused or contributed to the loss. May on Insurance, sections 218, 220; *Stout v. The City Fire Insurance Co.*, 12 Iowa, 371; *Kyte v. Assurance Co.*, (Mass.) 21 N. E. Rep. 361. The giving of these instructions was error.

XI. The fifteenth instruction tells the jury that the amount stated in the policy is *prima facie* evidence

**11. ——: loss:** of the insurable value of the property at the
value of
· property: date of the policy. As to the real estate, the
evidence. amount stated in the policy is *prima facie* evidence of its insurable value at the date of the policy. But this is not true as to personal property. Acts of Eighteenth General Assembly, ch. 211, section 3; *Joy v. Security Fire Insurance Co.*, 83 Iowa, 12. The instruction was then, in so far as it referred to the personal property, erroneous. The jury found for the plaintiff in the sum of one thousand, two hundred and three dollars. The amount insured by the policy was one thousand dollars .

on the real estate and five hundred dollars on certain personal property. While the verdict is less than the gross amounts claimed, yet it is impossible to say what portion of the gross sum found by the jury represents real estate, and what portion personal property. The testimony as to the value of the real estate was conflicting, and we cannot say that the instruction was without prejudice to the defendant.

We have examined the other errors assigned, and find no ground for complaint on part of the defendant. For the errors of the court heretofore mentioned, the judgment of the district court must be REVERSED.