MARCUS F. BATES v. F. A. BATES.[1]

October 29, 1896.

Nos. 10,233—(167).

Stipulation for Judgment—Setting Aside—Discretion.

> Held, that the court below did not abuse its discretion when it denied defendant's motion that a stipulation for the entry of judgment against him in an action then pending, signed by his attorney, but without his knowledge or consent, and a judgment entered thereon, be set aside and vacated.

Appeal by defendant from a judgment of the district court for St. Louis county, in favor of plaintiff for $1,517.32, and also from an order, Moer, J., denying a motion to vacate said judgment and to set aside a stipulation upon which it was entered. Affirmed.

*Pealer & Lemmon*, for appellant.

*R. R. Briggs*, for respondent.

COLLINS, J. In an action pending against defendant to recover damages for an alleged malicious prosecution, a stipulation was entered into between the attorneys for the respective parties whereby judgment was to be entered in plaintiff's favor for the sum of $1,500, and judgment was so entered. Securing the services of another attorney, defendant moved the court to set aside the stipulation and the judgment on the ground that the stipulation was entered into without his knowledge or consent, and against his wishes. This appeal is from the judgment, and also from an order denying the motion, and the only question presented is whether the court below abused its discretion when it refused to relieve defendant from the consequences of the stipulation. We see no reason for saying that it did.

From the record it appears that defendant is a resident of Cleveland, Ohio. The case had been pending over one year when it was noticed for trial at Duluth, Minnesota, at a general term commencing March 4, 1896; but defendant's attorney, because of absence from his office when notice of trial was served, was not personally advised of this fact until the calendar was called on the first day of the term.

[1] Reported in 68 N. W. 845.

He immediately notified defendant that the case was to be tried at that term, and on March 9, not having heard from his client, consented that it be tried March 17. The stipulation was entered into when the case was called for trial because, as stated in one of the affidavits, defendant had not arrived in Duluth, and his attorney had not heard from him and feared that he would not be present.

From defendant's affidavits it appears that before his case was set for trial definitely, and on or about March 8, he was called to New York and other places on business, and returned to Cleveland March 17, but was sick and unable to travel; that while he was absent from home—about nine days—his movements were so rapid that letters and telegrams could not or did not reach him; and that he did not know until he returned to Cleveland that his case had been set for the 17th,. the very day of his arrival. It does not positively appear that defendant did not know that his case had been noticed for trial at the March term, before he left Cleveland, and it may fairly be inferred that he did. Just when he started for New York is indefinitely stated as on or about March 8, and in fact the affidavits are in several respects so uncertain and indefinite as to be open to the charge of evasiveness. If, having knowledge that his case was to be tried at a term commencing March 4, the defendant, residing several hundred miles from the place of trial, chose to go to the eastern cities, hundreds of miles further away, and by means of rapid travel, or otherwise, to put himself out of the reach of communication by mail or by wire for several days, he simply neglected his own interests, and is alone responsible for what occurred when, towards the end of the term, his case was called for trial.

Under such circumstances, we are of the opinion that the court below did not abuse its discretion in denying the motion, and the order must be affirmed. Counsel do not suggest any reasons for reversing the judgment, aside from those urged for a reversal of the order, and it must also be affirmed.

Judgment and order affirmed.