Fosha, Respondent, vs. O'Donnell, imp., Appellant.

*December 16, 1903—January 12, 1904.*

*Written instruments: Ambiguity: Parol evidence: Statute of frauds: Assumption of debt as part of consideration: Evidence: Immaterial error: Attorney and client: Conversations in absence of client: Accord and satisfaction: Authority to bind client: Ratification: Tender back of amount received: Instructions to jury: Judgment.*

1. Where one person, on purchasing property of another, agrees to apply the consideration in part payment of the debts of the latter, but the written memorandum fails to fully specify all the stipulations made as to the debts assumed, it may be shown by parol testimony what debts the purchaser agreed to pay.

2. An agreement by one person to pay certain debts of another as the consideration for the transfer of property to him by the latter is not in the nature of a special promise to answer for the debt, miscarriage, or default of another, and need not be in writing.

3. Error in refusing to admit evidence is cured by subsequent admission of the evidence.

4. Evidence of interviews between the attorneys who acted for plaintiff and defendant in a former suit between them, in which it was claimed the matter in controversy in the present action was compromised, which did not take place in the presence of plaintiff or her agents and were not shown to have related to matters within the authority of plaintiff's attorney, is *held* to have been properly excluded on plaintiff's objection.

5. An attorney can bind his client· in an attempted accord and satisfaction only upon an express authorization.

6. An attorney made an accord and satisfaction of several notes of his client without express authority, and neither the client nor her agents had knowledge of its ·terms when the proceeds were turned over to her, but supposed the amount received to have been taken in satisfaction of one note only, and, upon notice of the payor's claim that the settlement included all the notes, the client promptly disavowed the attorney's acts. *Held*, that retention of the amount so paid, and failure to tender repayment upon discovery of the payor's claim, did not constitute an affirmance of the attorney's acts or a ratification of the accord and satisfaction.

7. Specific error for failure to instruct on the questions at issue can be assigned only upon refusal to give an instruction formally requested in writing.

8. Plaintiff, the owner of three notes which defendant had assumed and agreed to pay, commenced an action upon the first note, which action was dismissed by stipulation, entered into, however, by plaintiff's attorney without authority, in consideration of payment to plaintiff of a sum less than the amount due on the note in suit, defendant believing the stipulation to be an accord and satisfaction of plaintiff's claim against him upon all three of the notes, and plaintiff receiving and retaining said sum upon the belief that it was in satisfaction of the note in suit only. Plaintiff subsequently brought an action on the other two notes and recovered judgment. *Held*, that the court should apply the amount paid under the supposed accord and satisfaction in part satisfaction of plaintiff's demand.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Modified and affirmed.*

This is an action to recover on two promissory notes executed by the defendant Prosser to the plaintiff, one for $200 and the other for $245, both bearing date of August 19, 1891. The notes were given as a part of .the purchase price of a lot in the city of Antigo. At the time of the execution of the notes respondent executed a land contract whereby she agreed upon the payment of the notes to convey the land to J. W. Prosser, one of the defendants. Prosser took possession of the premises and occupied them for a livery business.

In the month of March, 1893, the defendant *O'Donnell* pur-
chased, for a consideration of $2,000, a one-half interest in
the livery business and property, including the real estate.
$1,625 was to be applied on other debts of Prosser and the
balance on these notes. At this time there were three notes
due respondent from J. W. Prosser. On the 21st of Sep-
tember, 1893, the partnership between Prosser and *O'Don-
nell* was dissolved, *O'Donnell* purchasing the whole business,
including the lot purchased from respondent. Respondent
brought action on one note for $200 against Prosser and
*O'Donnell,* January 14, 1896, in the municipal court of
Langlade county, and recovered judgment therein. An ap-
peal was taken to the circuit court, where while the suit was
pending the following stipulation was made:

"It is hereby stipulated by and between the plaintiff and
the defendant, *Timothy O'Donnell,* that in the consideration
of the payment of seventy-five dollars ($75.00) and the dis-
bursements of the action by the said defendant, *Timothy
O'Donnell,* that this case is hereby settled and dismissed as
to the said *Timothy O'Donnell,* defendant, and without prej-
udice to the plaintiff to enter judgment against the defendant,
J. W. Prosser, the action not being dismissed as against him.
It is also understood and agreed and stipulated that in con-
sideration of said settlement by said *Timothy O'Donnell,* de-
fendant, that the plaintiff, *Kate Fosha,* waives all other and
further claims she may have against the said *Timothy O'Don-
nell* but without prejudice to the plaintiff as to any further
claims of any nature she may have against the defendant,
J. W. Prosser.

"Dated this 23rd day of August, A. D. 1899.

        "J. H. TREVER, Attorney for Plaintiff.

        "T. W. HOGAN, Attorney for Defendant,
          *Timothy O'Donnell.*"

The $75 was paid by appellant *O'Donnell* and was received
by respondent from her agent, Mitchell, who received it
through her attorney. She still has the same in her posses-
sion.

Respondent asserts that she had no personal knowledge or information of the contents of the stipulation, and understood it was to settle no more than the note then in litigation, and asserts that she was so informed by her attorney who signed it for her.

The jury found that appellant agreed to pay the notes in question as part of the consideration of the purchase price of the partnership business from Prosser; that respondent and her agent, Mitchell, had not authorized Trever, her attorney, to sign the stipulation of settlement in the case then pending between her and appellant; and that she had no knowledge of the contents of the written stipulation when the money was paid thereon.

It appeared by the evidence that respondent and her agent understood that the stipulation covered no more than the matters in controversy in that suit, and that they treated the stipulation as payment only of the note and the disbursements in that action. During the pendency of this action she had denied that she authorized it to be made to the effect alleged and claimed by defendant in his answer.

The court awarded judgment on the special verdict in respondent's favor for the amount of the note. This is an appeal from that judgment.

For the appellant there was a brief by *T. W. Hogan* and *W. F. White,* and oral argument by *Mr. Hogan.*

For the respondent there was a brief by *Foster & Morson,* and oral argument by *O. H. Foster.*

SIEBECKER, J. The cause of action set out in the complaint is to recover on two promissory notes against defendant Prosser as the maker, and against the defendant *O'Donnell* upon the ground that he agreed to pay them out of the money due Prosser from him. The defendant *O'Donnell* defends upon two grounds: (1) That he at no time agreed to pay his debt to Prosser by paying these notes held by plaint-

iff; and (2) that whatever claim plaintiff may have had against him was fully compromised and paid under written settlement between them in a former action brought on another note arising out of the same transaction.

One of the issues was whether the defendant *O'Donnell,* in purchasing the interest of Prosser's livery business in March and September, 1893, agreed to apply the consideration ($2,000) paid by him in discharge of Prosser's liabilities on these notes held by plaintiff. The written memorandum of the agreement between the defendant *O'Donnell* and Prosser did not fully specify all the stipulations made as to what debts *O'Donnell* agreed to pay out of the moneys due Prosser for the sale of the livery business and stock. It was therefore proper to receive oral testimony to ascertain what debts the defendant *O'Donnell* had agreed to pay. This in no wise contradicted the written agreements between the defendants embodying a part of the transaction of the purchase of the livery property and the application of the consideration to the payment of Prosser's debts. *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Cuddy v. Foreman,* 107 Wis. 519, 83 N. W. 1103.

It is further asserted that if such was the understanding it was a promise to answer for the debt, default, or miscarriage of another, and is therefore void, because not in writing, expressing the consideration, and subscribed by the party to be charged. The effect of the transaction was that the defendant *O'Donnell* agreed to pay his debt to Prosser, by assuming, with respondent's assent, the payment of these notes due her. Such an agreement it is held is not in effect an undertaking in the nature of a "special promise to answer for the debt, miscarriage or default of other persons," though it is collateral to the liability of the original debtor to pay the same debts. The agreement is not a mere promise to answer for another's liability contemplated by the statutes requiring such agreements to be in writing, expressing

the consideration, and signed by the party sought to be charged. It is an agreement that the defendant *O'Donnell* will pay his debt to Prosser in a particular manner, by discharging these notes held by plaintiff, based upon the consideration between him and Prosser at the time the agreement was made. When this promise was accepted by plaintiff the liability was established, and she could maintain her action against him alone or she might join Prosser with him as defendant. *Morgan v. South Milwaukee L. V. Co.* 97 Wis. 275, 72 N. W. 872; *Putney v. Farnham,* 27 Wis. 187, and cases cited; *Hoile v. Bailey,* 58 Wis. 434, 17 N. W. 322.

The action of the trial court was proper as regards the questions presented upon the first three grounds assigned as error.

Error is specifically assigned upon several rulings of the court in admitting testimony tending to show that *O'Donnell* agreed to pay the notes out of his debt to Prosser arising from the purchase of the livery business and property, including the lots sold to him by plaintiff under the land contract. As above stated, whether such an agreement had been made was an issue, and, since the agreements relating thereto were not all reduced to writing, it was proper to receive oral testimony to show the part which defendant *O'Donnell* had agreed to pay. The testimony objected to came within this class, and was properly admitted by the court.

Questions put to defendant while on the stand for the evident purpose of giving him an opportunity to deny making any agreement to pay these notes were excluded by the court, and exceptions taken. It appears that the court reversed its own ruling on this question, and thus any error it committed in this respect was corrected by permitting him to state fully his denial and explanation of the transaction by which it is claimed he promised or agreed to pay these notes.

Complaint is made that appellant was prejudiced upon the trial by excluding the testimony of defendant's attorney, Mr.

Hogan. This testimony related to interviews between him.· and plaintiff's attorney respecting the settlement of the action between the parties. Upon examination of the record it appears that the trial court properly excluded the evidence upon the ground that the interviews were in the absence of plaintiff and her agents, and for the further reason that nothing appeared to show that the inquiry related to matters. within the authority of her attorney. Nor were appellant's· rights affected by the action of the court in refusing to admit in evidence the records and file of the former suit, when first offered, since the court received them in evidence before the· defendant rested his case. We cannot perceive that this was prejudicial in any respect. .

It is contended the court erred in refusing to submit the· special verdict requested, in the form the verdict was submitted, in the instructions given, and in omitting to instruct upon certain phases of the case. The errors assigned upon these grounds relate to the second defense above mentioned, namely, that there was an accord and satisfaction of the cause of action alleged by the plaintiff. The plaintiff stands before the court as denying the settlement alleged to have· been made by her attorney, asserting that it was made without authority; that the payment of $75 to her attorney was received by her without knowledge of its terms, and upon the· representations and the understanding that it was in satisfaction and settlement of the claims involved in that action; and that she was not informed that this accord and satisfaction was claimed to include the notes in question until the defendant so alleged in his answer in this action.

Plaintiff's attorney had no authority under his retainer to bind his client in an attempted accord and satisfaction; he· can exercise such a power only upon an express authority. *Mallory v. Mariner,* 15 Wis. 172; *Kelly v. Wright,* 65 Wis. 236, 26 N. W. 610; *Mygatt v. Tarbell,* 85 Wis. 457, 55 N. W. 1031. It therefore devolved upon appellant to estab--

lish that Trever, respondent's attorney, had been given ex-
press authority to make this settlement, or, if he had no such
authority when it was made, that respondent had ratified it.
Upon the first question the evidence of respondent and her
agents was positive that no such authority was given.   The
attorney who was called as a witness by appellant declared
that he had conferred with her agents and consulted them
as to what conditions were in the settlement before it was
executed by him.   Upon this state of the proof the court sub-
mitted this issue to the jury in the special verdict.   The jury
found that respondent's attorney had not been authorized to
make the settlement embodied in the written stipulation, and
that neither she nor her agents had knowledge of its terms
and conditions when the $75 was paid her.   The respondent
at no time tendered repayment of the $75 so received.   It is
contended that this constitutes an affirmance of her attor-
ney's acts, and thereby ratifies the settlement as an accord
and satisfaction of the notes in question.   We cannot assent
to this claim in view of the situation of the parties under the
facts and circumstances of the case.   That respondent stood
in the attitude of repudiating the settlement is manifested
by her course in commencing this action on the notes and by
offering to litigate the question upon the trial.   She had a
right to a trial of the issue in this case, whether the alleged
settlement included these notes.   Her position in the action
was positive notice to appellant that she controverted his de-
fense of an accord and satisfaction.   The stipulation was not
so plain and clear on its face as to preclude all inquiry into
the situation of the parties and the circumstances under
which it was made, for the purpose of aiding the court to
determine, in the light thereof, whether the parties making
it intended it should be deemed an accord and satisfaction of
the notes sued upon.   This cast the burden on appellant of
establishing the fact that she ratified the acts of her attorney,
and thus was bound by the stipulation.

Considering the evidence, aside from her failure to tender back the $75, it appears that she promptly and actively declared her nonassent and condemnation of the unauthorized acts of her attorney. Appellant's affirmance of the settlement in this action precluded him from voluntarily taking back the money, and compelled him to refuse it if tendered. Respondent's claim that the stipulation and payment under it was a settlement only of the note sued on in that action entitled her to hold the money until that question was determined upon the trial of this case, and she was not, therefore, called upon to restore the amount so paid her until the court found and determined she had in fact not ratified the accord and satisfaction. We are led to the conclusion that respondent's conduct and acts from the time she was notified of appellant's claim as to the settlement do not constitute a ratification of the unauthorized accord and satisfaction which her attorney attempted to make for her. Mechem, Agency, § 153; *Mobile & M. R. Co. v. Jay,* 65 Ala. 113; *Ætna Ins. Co. v. Northwestern I. Co.* 21 Wis. 458; *Wheeler v. Northwestern S. Co.* 39 Fed. 347; *Waite v. Vose,* 62 Me. 188; *Owings v. Hull,* 9 Pet. 607; *Thacher v. Pray,* 113 Mass. 291; *Lester v. Kinne,* 37 Conn. 9.

The facts established by the evidence were sufficiently clear to justify the jury in answering the special questions covering this issue in the negative. Nor is error shown to have been committed in framing the verdict or in the instructions given by the court.

Error is assigned upon the ground that the court failed to give any instructions upon the burden of proof as to the questions litigated. No specific instructions were requested either in writing or orally. "Specific error can be assigned only upon refusal to give an instruction formally requested in writing." *Hacker v. Heiney,* 111 Wis. 313, 87 N. W. 249, and cases cited.

Under the peculiar circumstances of the case the question

arises, Was appellant entitled to a direction that respondent make restitution of the $75 paid by him under the stipulation, or should the court; in view of the fact that respondent was entitled to judgment for the amount of the notes, direct that it be applied in part satisfaction of this demand? The fact appears, as found by the jury, that a liability existed in respondent's favor upon these notes. Appellant, who must be presumed to be solvent, paid this sum to respondent with intent to discharge this liability in full under the stipulation of settlement. We do not perceive how the application of this sum in part payment to the same debt could be unjust to appellant, nor is there anything in respondent's conduct which should prevent such an application from being made. She in no way misled appellant to make this payment, but in good faith received the money to be applied on his debt. She should not, therefore, be estopped from receiving what, in the light of the circumstances and relation of the parties, can in equity be awarded her. Under the circumstances we think the sum of $75 in respondent's hands should be applied in part payment of the judgment recovered by her for the amount of the notes. *Friend Bros. C. Co. v. Hulbert,* 98 Wis. 183, 73 N. W. 784; *Ludington v. Patton,* 111 Wis. 208, 86 N. W. 571; *Gay v. D. M. Osborne & Co.* 102 Wis. 641, 78 N. W. 1079; *Gates v. Raymond,* 106 Wis. 657, 82 N. W. 530; *Nye v. Swan,* 49 Minn. 431, 52 N. W. 39.

The judgment should be modified, directing the application of the $75 as part payment of the amount recovered.

*By the Court.*—The judgment is modified by reducing the damages to $776.33, and the total to $831.48, and as so modified the judgment is affirmed; the appellant to recover costs in this court.