SEYMOUR STATE BANK, Appellant, vs. RETTLER, Respond-
ent.

*December 5, 1916—January 16, 1917.*

*Actions: Stipulation to dismiss no bar to subsequent action: Agree-
ment to dismiss on merits: Authority of attorney: Parol evi-
dence.*

1. A stipulation to dismiss an action without costs is not a bar to a
subsequent action for the same cause.
2. An agreement by an attorney to dismiss an action upon its merits
is invalid in the absence of evidence that he had special au-
thority so to do.
[3. Whether, where a former action for the same cause was dismissed
by stipulation, parol testimony is admissible to show an agree-
ment between the attorneys for the respective parties—pursuant
to which the stipulation was filed—that plaintiff would waive his
cause of action, is not decided.]

APPEAL from a judgment of the circuit court for Outa-
gamie county: EDGAR V. WERNER, Circuit Judge. *Reversed.*

Action upon a joint and several promissory note executed
by the defendant and one J. J. Rettler.  The defense

pleaded was a dismissal as to defendant of an action upon the same note previously brought in the municipal court. Upon the trial evidence was received that the attorney for the plaintiff in the first action agreed that if the present defendant would consent to a withdrawal of his answer, to a dismissal as to him without costs, and permit judgment to be taken at once against J. J. Rettler, who was in default, plaintiff would waive his cause of action against him; that such agreement was carried out and the action in the municipal court was dismissed as to defendant. The court held such agreement binding upon plaintiff and entered a judgment dismissing the action. Plaintiff appealed.

For the appellant there was a brief by *Lehner & Lehner,* and oral argument by *Philip Lehner.*

*Francis S. Bradford,* for the respondent.

VINJE, J. In support of the judgment it is urged that the stipulation of record in the municipal court pleaded in the answer constitutes a bar to the action. The stipulation was:

"It is hereby stipulated and agreed that the above entitled action is hereby discontinued without costs as to defendant *Matt Rettler,* and the answer of *Matt Rettler* heretofore served and filed herein be and the same is hereby withdrawn from this action; and the plaintiff bank may take judgment in this action against the remaining defendant, John J. Rettler, if it so desires, such defendant John J. Rettler being in default and making no appearance or defense in this action."

The words "without costs" were interlined in pen by plaintiff's attorney. That a stipulation to dismiss does not constitute a bar to the action was held in *Bishop v. McGillis,* 82 Wis. 120, 51 N. W. 1075. It was there also intimated that a stipulation for a dismissal without costs would have no broader or different construction than a mere stipulation to dismiss, since in both cases the only thing agreed upon was a dismissal; and that the terms of dismissal could not be held

to enlarge the effect thereof.    We are satisfied that such con-struction is correct, and so far as the question of dismissal is concerned the case is ruled by *Bishop v. McGillis, supra.*

Assuming, but not deciding, that parol testimony was ad-missible to show the agreement entered into between the at-torneys for the respective parties in the municipal court, we reach the question whether an agreement by an attorney to dismiss an action upon the merits is valid without evidence of special authority so to do.    In *Kelly v. Wright,* 65 Wis. 236, 26 N. W. 610, this court said:

"It requires no citation of authorities to show that an at-torney, by virtue of his retainer alone, has no authority to compromise a valid claim for $300 against a person pre-sumably solvent and responsible by accepting in full satis-faction thereof the note of an irresponsible person for $80. Because there is no proof of authority to make the settlement the plaintiff is not bound by it, unless he afterwards ratified it."    Page 239.

In the present case there is no proof of authority to make the settlement and no proof of ratification.    The record shows that judgment was taken in the municipal court against John J. Rettler and a transcript thereof filed in another county where he owned some incumbered real estate.    The judgment against him remains wholly unsatisfied.    *Kelly v. Wright* has been followed in *Fosha v. O'Donnell,* 120 Wis. 336, 97 N. W. 924, and it is the general rule in most juris-dictions that an attorney, by virtue of his retainer alone, does not have the implied authority to enter a retraxit.    See 2 Ruling Case Law, 992 and cases cited, and note to *Sheffer v. B. B. Perkins & Co.* (83 Vt. 185, 75 Atl. 6) in 25 L. R. A. N. s. 1313.    The trial court therefore erred in holding the agreement to dismiss upon the merits made by plaintiff's at-torney binding upon it.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.