ELIZA J. RENFREW, Respondent, v. JOSEPH S. GOODFELLOW, Administrator, Appellant.

St. Louis Court of Appeals. Argued and Submitted November 9, 1911. Opinion Filed December 5, 1911.

1. WORK AND LABOR: Action for Sevices Performed: Sufficiency of Evidence. In an action against an administrator for services performed for decedent as caretaker and nurse, evidence *held* sufficient to warrant a recovery by plaintiff.

2. ———: ———: ———: Excessiveness of Verdict. In an action against an administrator for services performed for decedent as caretaker and nurse for one hundred, twenty-one months and nine days, *held* that the time of service was a question for the jury to determine, under the evidence, and that a verdict in favor of plaintiff for $7,140.35, which included an award for interest, was not excessive.

3. APPELLATE PRACTICE: Conclusiveness of Verdict. In an action at law, the weight of the evidence is for the jury to determine, subject to the supervision of the trial court, and this determination will not be interfered with on appeal if there is substantial evidence to sustain it.

4. ———: Matters Reviewable: Argument of Counsel: Necessity of Preserving, in Bill of Exceptions. Remarks of counsel, made in argument to the jury, to be considered on appeal, should be inserted or called for in the bill of exceptions.

5. TRIAL PRACTICE: Remarks of Counsel: Admissions: Evidence. In an action for services performed, extending over a period of one hundred, twenty-one months and nine days, a statement made by counsel for plaintiff in his argument to the jury that "We are entitled to compensation for one hundred eighteen months' service," *held* to have been a mere inadvertence

and not an admission binding on plaintiff, in view of the facts that the attention of the court, the jury or counsel was not called to it, and that the demand set forth in the pleading was for one hundred, twenty-one months and nine days' service and an instruction given on plaintiff's motion stated the period of service was that length.

6. **TRIAL PRACTICE: Excessive Verdict: Necessity of Objecting in Trial Court: Appellate Practice.** If a verdict is for more than authorized, in view of an admission made by plaintiff's counsel, that fact should be promptly called to the attention of the trial court, so that the verdict may be made to correspond to the admission.

7. **EVIDENCE: Declarations: Not Made in Hearing of Party: Admissibility.** A declaration made in the presence of the party sought to be bound, but which was not heard by him, is not admissible in evidence against him.

8. **————: Opinions: Competency: Difference Between Opinions and Conclusions.** A conclusion is for the jury, on the facts, but an opinion of a condition may be given by a competent witness. Evidence that a remark, made in the presence of one who was hard of hearing, was made loud enough for him to hear was not the statement of a conclusion, but was the statement of an objective fact, and hence was admissible; but evidence that the person did hear would have been the statement of a conclusion and an invasion of the province of the jury.

9. **————: Admission: Harmless Error: Action for Work and Labor.** In an action against an administrator for services performed for decedent as caretaker and nurse, where defendant filed a counterclaim counting on a promissory note executed by plaintiff to decedent and secured by a deed of trust on her residence the admission, on behalf of plaintiff, of evidence by a third person that decedent told him he intended giving plaintiff the mortgage on her residence was not harmful, under all the evidence in the case.

10. **APPELLATE PRACTICE: Assignments of Error: Sufficiency.** In an action against an administrator for services performed for decedent as caretaker and nurse, defendant filed a counterclaim counting on a promissory note executed by plaintiff to decedent, which was secured by a deed of trust on her property. On behalf of plaintiff, a witness testified that decedent told him "he intended giving plaintiff the mortgage on her residence." *Held*, that an assignment, on appeal, that this evidence was irrelevant and immaterial was hardly an accurate assignment.

11. **CONTRACTS: Necessity of Assent.** The very essence of a contract is mutuality, both of terms and of assent—a meeting and agreement of the minds; so that, where a person for whom another was acting as nurse told a third person that he intended

to give the nurse a mortgage on her residence, and the latter knew nothing of the matter, there was no contract on her part limiting her compensation as nurse to the amount of the mortgage.

12. **APPELLATE PRACTICE: Reviewing Rulings on Admission of Evidence: Evidence not Given in Jury's Hearing.** An assignment of error predicated on the admission of evidence cannot be sustained, where the material part of the evidence objected to was not given in the presence and hearing of the jury.

13 ——————: **Matters Reviewable: Motion to Strike Out Testimony: Trial Practice.** Where testimony is set out in the abstract in the narrative form, and the great mass of it is relevant, a motion, appearing at the close of the narration, to "strike out that evidence as immaterial and irrelevant," does not sufficiently disclose the evidence attacked.

14. **EVIDENCE: Admission: Harmless Error: Action for Work and Labor.** In an action against an administrator for services performed for decedent as caretaker and nurse, evidence that decedent had said that plaintiff was the best cook in the city and that she used to cook anything and everything he asked for was harmless.

15. ——————: ——————: ——————: ——————. In an action against an administrator on a claim against the estate, the refusal to admit in evidence the pleadings in a suit to set aside a prior allowance of the claim by the probate court, the decree in which suit setting aside such allowance was in evidence, was not error.

16. **APPELLATE PRACTICE: Trial Practice: Objections to Evidence: Sufficiency.** An objection to the admission of evidence on the ground of immateriality, without more, is insufficient to warrant consideration of the ruling, on appeal.

17. **WORK AND LABOR: Action for Services Performed: Instructions: Harmless Error.** In an action for services performed, where it was clearly in evidence what payments had been made and what they covered, the failure of the instruction that stated the facts necessary to warrant a recovery by plaintiff to exclude the services which had already been paid for could not have misled the jury.

18. ——————: ——————: **Instructions: Harmless Error.** Where, in an action for services performed, defendant filed a counterclaim on a promissory note owing him by plaintiff, and the jury deducted the amount thereof from the amount awarded plaintiff, an assignment of error predicated on the failure of the instruction stating the facts necessary to warrant a recovery by plaintiff to tell the jury that the amount of the note should be taken into consideration cannot be sustained.

19. ———: ———: **Instructions.** In an action against an administrator for services performed for decedent as care taker and nurse, an instruction charged the jury "it was for them to take into consideration all the circumstances, including the nature and degree of relationship of plaintiff to the decedent, in determining whether or not there was an implied contract for compensation for services." *Held*, the instruction was not objectionable on the ground that it did not explain what degree of relationship would relieve, or what degree would imply, payment for the services.

20. ———: ———: **Instructions: Harmless Error.** In an action for services as caretaker and nurse of decedent, the conclusion of an instruction given for plaintiff, "if you find . . . plaintiff did render the services mentioned in the evidence," is not objectionable on the ground the evidence showed other services than those sued for had been rendered decedent by plaintiff, in view of the fact that throughout the trial the difference between the services sued for and the other services rendered, which had been paid for, was so clearly before the jury that they could not have been misled.

21. **APPELLATE PRACTICE: Presumptions: Intelligence of Jury.** It will be assumed on appeal that a jury was composed of men of ordinary intelligence, and that they could not have been misled by the indefiniteness of an instruction when, under the facts, no man of ordinary intelligence would have been misled thereby.

22. **INSTRUCTIONS: Refusal: Covered by Other Instructions.** It is not error to refuse an instruction where the direction it contains is fully covered by other instructions given.

23. ———: ———: **Assuming Disputed Facts.** An instruction which assumes a disputed issue of fact to be true is properly refused.

24. **APPELLATE PRACTICE: Assignments of Error: Sufficiency.** An assignment of error, that the giving of all the instructions, other than those given for defendant, was error, because they conflicted with each other and with those given for defendant, is too indefinite and general.

25. **WORK AND LABOR: Action for Services Performed: Instructions.** In an action against an administrator for services performed for decedent as caretaker and nurse, where defendant filed a counterclaim, counting on a promissory note executed by plaintiff to decedent, *held* that the cause was properly presented to the jury by the instructions.

Appeal from St. Louis City Circuit Court.—*Hon.*
*George H. Shields,* Judge.

AFFIRMED.

*Jamison & Thomas* for appellant.

(1) It was error on the part of the court to per-
mit Joseph W. Dowler to testify relative to statements
made by the plaintiff, especially in view of the fact
that Joseph A. Goodfellow was hard of hearing and
took no part in the conversation. It was also error
on the part of the court to permit Dowler to testify
that plaintiff's statement was loud enough for Good-
fellow to hear, such testimony being clearly a con-
clusion of the witness and inadmissible. McLean v.
Rutherford, 8 Mo. 109; Tufts v. City of Charleston,
4 Gray (Mass.) 537; Clark v. State, 78 Ala. 474; Mar-
tin v. Ins. Co., 85 Iowa, 643; Jackson v. Wood Working
Co., 91 Hun (N. Y.) 435.   (2) It was error on the part
of the court to permit Mary A. Goodman to testify that
Joseph A. Goodfellow said that he intended to give
the plaintiff the mortgage upon plaintiff's residence,
especially since the court did not afterwards in its in-
structions limit the amount of recovery to the value of
the mortgage.   Koch v. Hebel, 32 Mo. App. 103;
Crump v. Rebstock, 20 Mo. App. 37; Seuits v. Taylor,
20 Mo. App. 166; Fox v. Car Co., 16 Mo. App. 122;
Iron Co. v. Halverson & Co., 48 Mo. App. 383; Mansur
v. Botts, 80 Mo. 651; Bosard v. Powell, 79 Mo. App.
184; Walker v. Gay's Est., 73 Mo. App. 89.   (3) It
was error on the part of the court to permit Judge
Holtcamp to testify as to the memorandum of judg-
ment made by him at the second trial of this case in
the probate court, especially in view of the fact that
plaintiff's counsel's question embodied the substance
of that the memorandum as to what had taken place on

the trial of the case in the probate court. R. S. 1909, sec. 296; Bank v. St. John, 17 Wis. 157; York v. Orton's Adm., 65 Wis. 6. (4) It was error on the part of the court to permit Henry Goodman to testify that Joseph A. Goodfellow said that Mrs. Renfrew was the best cook in St. Louis, and that she used to cook anything and everything he asked for. The suit in this case was for nursing and caretaking and not for cooking. The testimony was prejudicial error in view of plaintiff's instructions numbered 2 and 3 given by the court. Brooks v. Blackwell, 76 Mo. 309; State ex rel. v. Martin, 77 Mo. 671; Haynes v. Christian, 30 Mo. App. 198; Farrar v. Snyder, 31 Mo. App. 93; Huston v. Scale Works, 56 Mo. 416. (5) It was error on the part of the court to permit D. D. Currie to testify to the effect that the plaintiff had made the statutory oath and that she had sworn in the probate court that she had allowed all just credits and set-offs in the claim in question. The statute expressly provides that the statutory oath or affidavit is no evidence as to the correctness of the claim; and since the claimant against a decedent's estate is by statute disqualified from testifying, the testimony of the witness to the effect that she had sworn to the claim was inadmissible, and reversible error. R. S. 1909, sec. 201; R. S. 1909, sec. 6354; Dorn v. Parson's Admrx., 56 Mo. 601; Dobbs v. Cate's Estate, 60 Mo. App. 658; Ins. Co. v. Linchey, 3 Mo. App. 587; Million v. Ohnsorg, 10 Mo. App. 432; Wood v. Flanery, 89 Mo. App. 632; Koch v. Hebel, 32 Mo. App. 103; Ibid, 40 Mo. App. 241. (6) It was error on the part of the court to exclude the pleadings in the case of Goodfellow v. Renfrew in view of the fact that the court had admitted the judgment entry in said case, which was based upon said pleadings. (7) The court erred in permitting Walter N. Davis to testify for what purposes Mrs. Renfrew gave the note for $4478.93 dated Feb. 2, 1910. (8) The court erred in refusing to give defendant's instruction of nonsuit at the close

of plaintiff's case. There was no competent evidence offered on behalf of the plaintiff as to the value of the services of the plaintiff. (9) The court erred in giving plaintiff's instruction No. 1. (a) Because said instruction directs a verdict in favor of the plaintiff and against the defendant for the value of the services rendered Joseph A. Goodfellow by the plaintiff, if any, not excluding from said account of services those services which already had been paid for. Black's Law Dictionary, p. 742; 2 Bouvier's Law Dictionary, p. 292; Webster's Unabridged Dictionary, pp. 884 and 1449; Wall v. Williams, 93 N. C. 327; Whilden v. Whilden, Riley Law and Equity 205; Morse v. Powers, 45 Ver. 300. (b) The testimony of Mary A. and Henry Goodman was to the effect that the deceased had promised to give the plaintiff the mortgage in payment for her services. In view of this testimony this instruction should have limited recovery to the value of the mortgage. Koch v. Hebel, 32 Mo. App. 103; Crump v. Rebstock, 20 Mo. App. 37; Suits v. Taylor, 20 Mo. App. 166; Fox v. Car Co., 16 Mo. App. 122; Iron Co. v. Halverson & Co., 48 Mo. App. 383; Mansur v. Botts, 80 Mo. 651; Bosard v. Powell, 79 Mo. App. 184; Walker v. Gay's Estate, 73 Mo. App. 89. (c) The instruction told the jury that they could find for the plaintiff in the principal sum of $6065, being salary at the rate of fifty dollars per month for the full period of one hundred and twenty-one months and nine days. The undisputed evidence is that plaintiff did not render services to the defendant for two and one-half months of this time. The instruction, therefore, is contrary to the undisputed evidence, and, therefore, erroneous. Hewitt v. Doherty, 25 Mo. App. 326; Duncan v. Railroad, 48 Mo. App. 659; Marr v. Bunker, 92 Mo. App. 651. (10) Plaintiff's instruction No. 2 is erroneous in that recovery is not limited thereby to compensation to the plaintiff for services rendered as caretaker and nurse, for which plaintiff sues. Budd v. Hoffheimer,

52 Mo. 297; Henry v. Rice, 18 Mo. App. 497; Bank v. Westlake, 21 Mo. App. 566; Gessley v. Railway, 26 Mo. App. 156. (11) Plaintiff's instruction No. 3 is erroneous for the reason that while it states that the burden of proof is upon the defendant to show that the plaintiff has been paid for nursing and caretakeng of the deceased, it further instructs the jury that this burden is imposed upon the defendant if it has been shown that the plaintiff rendered the services mentioned in the evidence, which services, according to the evidence, were not limited to caretaking and nursing; the instruction being thereby rendered confusing and misleading. (See cases cited under point 10.) (12) The instructions given by the court are inharmonious, conflicting and confusing, and the instructions, are, therefore, erroneous. Henschen v. O'Bannon, 56 Mo. 289; Price v. Railroad, 77 Mo. 508; Nichols, Shepard & Co. v. Jones, 32 Mo. App. 657; Evers & Hunt v. Schumaker, 57 Mo. App. 454; Stone v. Hunt, 94 Mo. 475; Schneer v. Lemp, 17 Mo. 142; State v. Herrell, 97 Mo. 105; State v. Nauert, 2 Mo. App. 295; Frank v. Railroad, 57 Mo. App. 181. (13) The court erred in refusing to set aside the verdict and judgment as they were contrary to the evidence and the weight of the evidence. Kreis v. Railroad, 148 Mo. 321; Dean v. Fire Assn., 65 Mo. App. 209; Watkins v. Donnelly, 88 Mo. 322; Woods v. Land, 30 Mo. App. 176; Guenther v. Birkicht's Admr., 22 Mo. 439; Dreyer v. Dickman, 131 Mo. App. 660; Flanders v. Green, 50 Mo. App. 371; Brewing Assn. v. Steimke, 68 Mo. App. 52; Morris v. Barnes, Admr., 35 Mo. 412; Hewitt v. Doherty, 25 Mo. App. 326; Tucker v. Railroad, 66 Mo. App. 140. (14) The verdict and judgment in this case are erroneous and should not stand for the reason that the verdict is excessive and obviously the result of prejudice and passion on the part of the jury against the estate and of their sympathy and charity for the plaintiff. (a) The prejudice and passion on the part of

the jury for one party or its sympathy and charity for the other may be inferred from the fact that the verdict of the jury is against the uncontradicted evidence or the decided weight of the evidence. Flanders v. Green, 50 Mo. App. 371; Dreyer v. Dickman, 131 Mo. App. 660; Morris v. Barnes' Admr., 35 Mo. 412; Brewing Assn. v. Steimke, 68 Mo. App. 52; Spohn v. Railway, 87 Mo. 74; Duncan v. Railway, 48 Mo. App. 659; Hewitt v. Doherty, 25 Mo. App. 326; Sheedy v. Brick Works, 25 Mo. App. 527. (b) Or the above stated improper attitude of the jury may be inferred from gross excessiveness under the circumstances. Doty v. Steinberg, 25 Mo. App. 328; McClosky v. Publishing Co., 163 Mo. 22; Koeltz v. Bleckman & Horn, 46 Mo. 320; Ice Co. v. Tamm, 90 Mo. App. 202; Unterberger v. Scharff, 51 Mo. App. 109. (15) There is no competent evidence in the case to the effect that the services of the plaintiff as caretaker and nurse were worth fifty dollars per month, and there was no evidence that plaintiff rendered such services for one hundred and twenty-one months and nine days; consequently, the verdict is not supported by the evidence, and should not be permitted to stand.

*W. N. Davis, D. D. Currie* and *G. B. Arnold* for respondent.

(1) Lay witnesses are allowed to express their opinions on temperature, light, color, sound, quantity, distance, sanity, health, strength, speed, weight, and many other kindred subjects. Stottler v. Railroad, 200 Mo. 107. (2) This case is unlike Koch v. Hebel, 32 Mo. App. 103, and other cases cited under appellant's second point of "Points and Authorities." In the Koch case the court held that there was evidence in the record of an express contract. In this case there is no such evidence—there is no evidence here that the parties had agreed on the amount of plaintiff's

compensation.   Plaintiff's right to recover in this case on an implied assumpsit is settled beyond controversy in this state by the following cases: Sprague v. Sea, 152 Mo. 327; Ryan v. Hospes, 167 Mo. 342; Hart v. Hart, 141 Mo. 441; Shannon v. Carter, 90 Mo. App. 134.   (3)   There was no error in permitting Henry Goodman to testify that Uncle Joe said that Mrs. Renfrew was the best cook in St. Louis, and that she used to cook any and everything he asked for. Haynes v. Christian & Roberts, 30 Mo. App. 198.   (4) There was no error in allowing D. D. Currie to testify that the plaintiff made the statutory oath in the probate court that she had allowed all just credits and set-offs in her claim.   If this oath had been made in writing on the face of the claim, it would have been a part of the pleadings and properly read to the jury. Koch v. Hebel, 32 Mo. App. 103.   (5)   There was no error in excluding appellant's offer of the pleadings in the case of Goodfellow against Renfrew.   The admission in evidence of the judgment in that case did not entitle appellant to put these pleadings before the jury.   This evidence was offered for the purpose of impeaching plaintiff's claim and therefore properly excluded.   (6)   There was no error in allowing Walter N. Davis to testify for what purpose Mrs. Renfrew gave the note for $4078.93, dated November 2, 1910. This evidence was offered to show that the notes were represented by the mortgage indebtedness, and not some other or different indebtedness.   There was no evidence to show that the notes represented the indebtedness covered by the mortgage.   Said notes being introduced in evidence by the appellant.   (7)   Appellant's eighth point for reversal is that the demurrer to the evidence should have been given because there was no competent evidence offered by plaintiff to show the value of her services, for which she was seeking to recover.   Both plaintiff and defendant proved that the services were worth more than $50 per

month. Defendant's witnesses testified that persons performing similar services to those performed by the plaintiff, received from $25 to $30 per month and board. A trained nurse is a competent witness to testify as to the value of services of the body servant in nursing his master. Ryan v. Hosper, 167 Mo. 342. (8) Under this point appellant contends that plaintiff's first instruction was erroneous. It is sufficient to say that that instruction has received the approval of the appellate courts of this state, in Sprague v. Sea, 152 Mo. 321; Hart v. Hart, 41 Mo. 441; Shannon v. Carter, 99 Mo. 134. (9) Under this point appellant contends that plaintiff's second instruction is erroneous in that recovery is not limited to compensation for services rendered as caretaker and nurse. This contention should be ruled against the appellant on the authority, Sprague v. Sea, supra; Shannon v. Carter, supra. If the jury found for the plaintiff it was by the direction of her first instruction which is expressly referred to by the second instruction. Instruction No. 2 could not have been applied by the jury at all until after they had found that plaintiff had performed the services of caretaker, or nurse, referred to in the first instruction. (10) The instructions are not conflicting and confusing, as contended by appellant in his 12th point. This point has been determined against the appellant in Sprague v. Sea, supra, and Shannon v. Carter, supra. (11) The fact that deceased paid his son-in-law and daughter-in-law for his board, did not raise the presumption that the payment also covered compensation for the care which they gave him on account of his sickness or helpless condition." Fry v. Fry, 119 Mo. App. 476; Lillard v. Wilson, 178 Mo. 145. (12) (a) The verdict of the jury, approved by the trial judge, is conclusive on the appellate court in respect to the sufficiency of the evidence to support it. Patton v. Fox, 179 Mo. 525; Walser v. Wear, 141 Mo. 443; Strode v. Abbott, 102 Mo.

App. 169.   (b)  Where the second verdict appears to the appellate court to be larger than is justified by the evidence, the court had no power to interfere. Fullerton v. Fordyce, 144 Mo. 519.


REYNOLDS, P. J.—This action was commenced in the probate court of the city of St. Louis by plaintiff, respondent here, exhibiting her demand against the then administrator of the estate of Joseph A. Goodfellow, deceased, for services rendered by her to the decedent and at his request, "as caretaker and nurse continuously from June 15, 1897, to July 24, 1907, comprising one hundred and twenty-one months and nine days," said to be of the reasonable value of $50 per month, aggregating $6065.   Beyond this demand and an off-set or counterclaim, presented by defendant, being a note given by plaintiff to the order of the administrator for $4478.73, payable six months after its date, with interest at six per cent per annum from February 21, 1910, the date of the note, there were no pleadings in either court.

Adopting in part the statement of counsel for appellant, this demand "was originally presented to Joseph W. Dowler, the then administrator of the estate of Joseph A. Goodfellow, deceased, and allowed by the probate court on the second day of January, 1908, in favor of the claimant and against the estate of Joseph A. Goodfellow, deceased, for six thousand and sixty-five dollars.   Subsequent thereto the heirs of Joseph A. Goodfellow, deceased, instituted a suit in the circuit court of the city of St. Louis against Eliza J. Renfrew and Joseph W. Dowler, the then administrator of Joseph A. Goodfellow, deceased, to set aside and declare the said allowance illegal and void.

"Said cause coming on for trial, the circuit court of the city of St. Louis, after hearing all the evidence, on November 1, 1909, found the issues in said suit in

favor of the plaintiffs therein, and did render its decree in said cause setting aside and declaring said judgment allowing said claim void and of no effect whatsoever; and did further order and direct that the probate court of the city of St. Louis, state of Missouri, place said claim on its docket for hearing the same as if the said judgment of allowance of January 2, 1908, had never been made.

"Thereafter the probate court of the city of St. Louis, upon proper proceedings being had by the heirs to that effect, did remove the said Joseph W. Dowler, as administrator of the estate of Joseph A. Goodfellow, deceased, and did appoint Joseph S. Goodfellow administrator *de bonis non* of the estate of Joseph A. Goodfellow, deceased, who duly qualified as such administrator and still is acting as such.

"Subsequent to the appointment and qualification of Joseph S. Goodfellow as administrator *de bonis non* of the estate of Joseph A. Goodfellow, deceased, the said claim for six thousand and sixty-five dollars was tried in the probate court of the city of St. Louis, state of Missouri, before a jury empanelled for that purpose, and the jury found in favor of the plaintiff on March 22, 1910, in the sum of five thousand dollars, and the probate court allowed said caim in accordance therewith from which allowance of said claim in the sum of five thousand dollars Joseph S. Goodfellow, as administrator *de bonis non* of Joseph A. Goodfellow, deceased, appealed to the circuit court of the city of St. Louis. Upon the trial of said case in the circuit court of the city of St. Louis, in Division No. 4, before a jury, the jury found in favor of the plaintiff in the sum of seven thousand, one hundred, forty and 35-100 dollars, and on defendant's counterclaim in the sum of four thousand, six hundred, eighty and 27-100 dollars, leaving a balance in favor of the plaintiff in the sum of two thousand, four hundred, sixty and 8-100 dollars and costs, upon which verdict judgment

was thereupon rendered in favor of the plaintiff and against the defendant in the sum of two thousand, four hundred, sixty and 8-100 dollars and for costs of suit."

It may be well to add to the above that as soon as the demand for $6065 had been allowed in full against the estate by the probate court, in January, 1908, Mr. Dowler, the then administrator, paid it to Mrs. Renfrew by his check for $2059, and by deducting the balance ($4006), which was applied in payment of two notes and accrued interest, which notes had been given by Mrs. Renfrew to the deceased and were held by his administrator. When Mr. Dowler was removed as administrator and Mr. Goodfellow appointed as administrator *de bonis non*, Mrs. Renfrew gave the $4478.73 note to the latter in lieu of the two notes which had been surrendered to her by Mr. Dowler, the amount of which had been deducted from the original allowance, the new note representing the amount of those and accrued interest on that. Those notes had been secured by deeds of trust on property of Mrs. Renfrew. There was no controversy, at this last trial, over the correctness of this counterclaim and the court instructed the jury, with the assent of counsel, to deduct the amount due on it from any sum they might find for plaintiff.

From the foregoing judgment the administrator *de bonis non* has duly perfected his appeal to this court, having filed a motion for a new trial, as well as one in arrest of judgment, duly saving exceptions to the overruling of these motions.

It would serve no useful purpose to attempt to set out the evidence further than we shall hereafter do in considering objections to certain portions of it.

Learned counsel for appellant have filed in this court eighteen assignments of error. Two of these assignments, the eighth and ninth, are to the refusal of the court to give defendant's instruction for nonsuit

at the close of plaintiff's case in chief and at the
close of all the evidence in the case. If these as-
signments of error are maintainable, it is unnecessary
to go further into the consideration of the case. Even
accepting counsel's own statement of the evidence,
neither of them is tenable. But we have not rested on
that statement and have gone to the abstract furnished
by those counsel as well as to the additional one furn-
ished by counsel for respondent, and find abundant
evidence warranting the submission of the case to the
jury.

The sixteenth, seventeenth and eighteenth assign-
ments may be properly grouped together as they chal-
lenge the verdict as excessive and as the obvious result
of prejudice and passion on the part of the jury against
the estate of the decedent and sympathy for plain-
tiff; that the verdict of the jury and the judgment of
the court were contrary to the evidence and the weight
of the evidence, and that there was no competent evi-
dence in the case that the services of plaintiff as a care-
taker and nurse were worth $50 per month, and there
was no evidence that plaintiff rendered such services
for one hundred and twenty-one months and nine days,
consequently it is argued that the verdict was not sup-
ported by the evidence and should not be permitted.
Notwithstanding the very strenuous argument of coun-
sel both in their original and reply briefs, we are of
the opinion that the time of service was for the jury
and that their finding is conclusive. It is true there is
some evidence that during five or six weeks of the time
charged for, Mr. Goodfellow was absent from St.
Louis. One witness testified that Mrs. Renfrew did
not "accompany him to Eureka Springs." Whether she
was there with him at all is not clear and the evidence
is conflicting as to when this visit was made. A wit-
ness said it was before the death of the wife. If so,
that was before the account is said to have accrued.

We have held in many cases that the weight of the evidence in an action at law is for the determination of the jury, subject to the supervision of the court, and that we will not interfere with the conclusion arrived at by that court on this, if there is substantial evidence to sustain the finding or verdict. This verdict, on its face, bears no intrinsic evidence of bias or prejudice. It is for the exact amount claimed in the demand, less a credit of the whole of the counterclaim set up by defendant. There was substantial evidence of the value of the services and the period covered by them.

It is further claimed in support of this allegation of an excessive verdict that plaintiff herself, through her counsel, admitted that she was only entitled to ask judgment for one hundred and eighteen months at fifty dollars per month. The foundation for this rests in a quotation from the concluding address of counsel for plaintiff to the jury. In the extract from that address, that counsel is quoted as saying, "Now, we are entitled, gentlemen of the jury, to compensation for one hundred and eighteen months' service, and I know you will give it to us." How these remarks got into the abstract is not very apparent as we have nothing before us to show that they were inserted or included or called for in the bill of exceptions. But assuming that they are properly in the record by being incorporated in the bill of exceptions, there is nothing whatever to entitle defendant to claim them as binding admissions made in the case. Nothing in them shows that the attention of counsel or court or jury was called to them. We are satisfied that they were inadvertent from the recital in the demand itself, in which plaintiff places the time of her services at one hundred and twenty-one months and nine days; by the language of the third instruction given at the instance of plaintiff and presumably drawn by her counsel, in which it is stated that the period of service

extended from the 15th of June, 1897, to the 24th of July, 1907, which is exactly one hundred and twenty-one months and nine days and at fifty dollars per month amounts to exactly $6065. Nor do we think this such an admission as can be held to bind or prejudice the plaintiff, in the face of the testimony. Moreover, if by an admission of counsel the jury had awarded more than authorized by the admission, the attention of the trial court should have been promptly called to it, so that the verdict could have been corrected to correspond to the admission. This ground of the assignment, as well as those upon which all of these three assignments rest are untenable.

There are seven assignments of error based on the admission or exclusion of testimony. The first goes to the overruling of the objection of defendant's counsel to the testimony of a witness as to a certain conversation said to have been had between the witness and Mrs. Renfrew in the presence of the decedent. The assignment of error to the overruling of the objection to this is, that the fact that the defendant's intestate was present did not make these statements of plaintiff in that conversation relevant in view of the fact that the plaintiff's own testimony was that Joseph A. Goodfellow was hard of hearing. It is further set out in this assignment, to quote counsel, that the court also erred in permitting that witness "to testify that the plaintiff's statement was loud enough for plaintiff's intestate to hear, such testimony being clearly a conclusion of the witness and therefore inadmissible." It was in evidence by this same witness that the decedent, Joseph A. Goodfellow, an old gentleman in his eighties, was hard of hearing and while present took no part in the conversation. Learned counsel for plaintiff in support of this assignment cite us to five cases which they claim as authority for the exclusion of this testimony. In one of them, Tufts v. City of Charleston, 4 Gray (Mass.) 537, it

was held that the declarations by one of the parties, made in the presence of the plaintiff but not in his hearing, were not admissible "as he was deaf." That is all there is in that case; that is, the bald statement that the man in whose presence the statement was made and whom it was sought to bind by it, was deaf. The extent of the deafness or any evidence as to whether the words were so loudly spoken as to make it probable that he heard, was not in evidence or referred to. In each of the other cases cited, namely, McLean v. Rutherford, 8 Mo. 109; Clarke v. The State, 78 Ala. 474; Martin v. Capital Ins. Co., 85 Iowa, 643, and Jackson v. Builders' Wood Working Co., 91 Hun (N. Y.) 435, the proposition that declarations made in the presence of another but not heard by him are not admissible, is announced. That proposition is self-evident and hardly needs citation of authority for its support. No declarations, even when made in the presence of the party sought to be bound, but which have not been heard by him, or which, in the nature of the case, arising from the infirmity of that party, or from other physical circumstances, he could not have heard, can be given in evidence against him. That, however, is not this case. It appears that on the occasion referred to, Mrs. Renfrew had brought the old gentleman out of the bathroom, and witness met them in the hall. The three of them being seated together, a conversation was carried on by the witness and Mrs. Renfrew. When the controversy as to the admission in evidence of this conversation arose, counsel and the court entered upon a long colloquy and went into an examination of the witness as to the extent of the deafness of the decedent and the circumstances of the conversation and the probability of the decedent having heard the conversation, during the course of which this occurred (following both the abstract of appellant and the additional abstract of respondent): After the witness had said that the decedent was very hard of hear-

ing, the witness having stated that he and plaintiff and Mr. Goodfellow, the decedent, were present together, was asked what the conversation between himself and Mrs. Renfrew was. Whereupon counsel for appellant objected on the ground that it must be first shown, before this could be made competent, that Mr. Goodfellow heard the conversation, to which the court remarked: ''A man who couldn't hear might be present and the effect of the conversation would be identically as if he had been absent entirely. If you can show that the conversation was loud enough for him to hear, it is competent." The witness was then asked whether or not Mr. Goodfellow had heard the conversation, and particularly a remark made by Mrs. Renfrew as to what she had done for him. The witness answered that he had not heard Mr. Goodfellow make any reply to it. He was then asked if the remark of plaintiff was loud enough for Mr. Goodfellow to hear it. To this the witness answered that he. had to speak "pretty loud" for Mrs. Renfrew herself to hear; that her hearing was defective and, said witness, he "should think if she could have heard it, Uncle Joe could have heard it," meaning Mr. Goodfellow. Asked if Mr. Goodfellow's hearing was any worse than that of Mrs. Renfrew, the witness said, "No;" that it might have been a little more defective but not much; that there was not much difference between them; that "they both spoke very loudly to each other when they were talking," and he (witness) had to speak loud enough for Mrs. Renfrew to hear. Asked how close they were together, he answered that they were all three there together. After some further discussion between the court and counsel, the court remarked that the witness had said that there was very little difference between the hearing of Mrs. Renfrew and Mr. Goodfellow, but that he did not understand the witness so far to say that it was loud enough for Mr. Goodfellow to hear. Whereupon counsel for plaintiff

asked the direct question, "Was it loud enough for Mr. Goodfellow to hear," to which the witness answered, "Yes, it was." To this counsel for appellant objected on the ground that it was a conclusion. The court in overruling this objection said that he thought that under the circumstances, the witness knowing both parties, it was competent for him to express an opinion in regard to that matter. The objection was thereupon overruled, appellant excepting.

On consideration of the above authorities which have been cited, we see no error in this ruling of the court. In point of fact, the learned trial judge, having very clearly in mind the rule of evidence applicable, exercised extreme caution to see that there should be no departure from that rule in the admission of this evidence. It is further to be observed that the objection as there and here made, is based on the ground that this was "clearly a conclusion" of the witness and therefore inadmissible. But this was no conclusion; it was the opinion of the witness. A conclusion and an opinion are different matters. A conclusion is for the jury on the facts; an opinion of a condition may be given by a witness. Thus it is within the right of a witness to give his opinion on a fact when asked if a person looked sick, or walked lame, or was blind. These are not mere conclusions drawn by a witness on facts, but are statements of fact themselves and are admissible. They are opinions of ordinary witnesses, derived from their own observation and are ordinarily the best evidence that can be obtained. They are of the same class of testimony as where a witness is asked as to the length of time that had elapsed, as to a quantity, a number, etc. [Stotler v. Chicago & A. R. Co., 200 Mo. 107, 98 S. W. 509.]

This particular point frequently arises in accident cases and has been many times passed upon in such cases, the distinction being drawn between testimony as to objective facts and conclusions on those

facts. [See for illustration Glasgow v. Metropolitan St. R. Co., 191 Mo. 347, 89 S. W. 915.] The former may be given by a witness, the latter is to be drawn by the triers of fact. Here we hold that the answers of this witness as to the comparative hearing of Mr. Goodfellow and of Mrs. Renfrew, and his statement that the remark made was made loud enough for Mr. Goodfellow to hear, were statements of objective facts and admissible. It must be remembered that the witness was not asked to state whether Mr. Goodfellow did hear. That would have been a very different question. When the witness testified that the remark was made loud enough for Mr. Goodfellow to have heard it, that was as far as he could be permitted to go. It was for the jury to determine, under all the facts in evidence, whether he did hear. Hence we hold that it was proper to allow the question and to permit the answer to stand. This disposes of the first assignment of error.

Another of the assignments of this class is the second, in which it is averred that it was error for the court to overrule defendant's motion to strike out part of the answer of a witness for plaintiff, who, in answering a question, had stated that the old gentleman said he intended to give plaintiff the mortgage upon her residence. It is charged that this was irrelevant and immaterial. That is hardly an accurate assignment. We do not think its admission, under all the other evidence in the case, was harmful.

It is further argued in support of this assignment that this was harmful error inasmuch as the court did not afterwards by instruction, limit the amount of the recovery to the value of the mortgage referred to, which Mr. Goodfellow held. The substance of this argument is that this evidence tended to prove an express contract. There is no evidence that Mrs. Renfrew knew of this. Hence it is difficult for us to under-

stand how one can be held to an express contract when
not a party to it. The very essence of a contract is
mutuality, both of terms and of assent—a meeting and
agreement of minds. We find no evidence of any such
here and cannot agree with the contention of learned
counsel to the contrary, so forcefully argued in their
reply brief. We do not think that the decision in
Koch v. Hebel, 32 Mo. App. 103, either sustains coun-
sel or is applicable to this case. Furthermore, while
what is said in Koch v. Hebel, supra, as to the omis-
sion from an instruction of any limitation of the
amount of recovery, is pertinent to that case, it is not
so in this case at bar on its facts.

The next of this group of assignments is the third
and is to the effect that error was committed in over-
ruling defendant's objections to questions of plain-
tiff's counsel and the answer of the probate judge rel-
ative to memoranda of the judgment made by him at
the second trial of the case in the probate court. The
trouble of this assignment is that it appears by the
additional abstract of respondent's counsel, and which
stands uncontradicted, that the material part of the
testimony now objected to was not given in the pres-
ence and hearing of the jury. That part of it that
was given in the presence and hearing of the jury and
quoted verbatim in the reply brief was admissible and
this assignment cannot be sustained.

Assignment number four, which is the fourth of
this group, is in failure to exclude the testimony of
a witness that the old gentleman had said that Mrs.
Renfrew was "the best cook in St. Louis," and that
she used to cook anything and everything he asked
for. The assignment of error as to this is, that it
was totally irrelevant and immaterial to the issues in-
volved in this case. The trouble with this point is,
that this matter, as abstracted by appellant's coun-
sel is at the end of testimony set out in narrative form,
the great mass of which is relevant. We are not ad-

vised as to the questions that brought it out. At the close of this narration of evidence appears this, by counsel for appellant: ''We move that that evidence be stricken out as immaterial and irrelevant to any issue in this case.'' What evidence is here meant is not disclosed by this motion. The court said: ''The motion to strike the answer out is overruled.'' Even assuming that it was this part of the answer which was aimed at, as now contended, we think its admission harmless, certainly not reversible error.

Assignment number five, which is the fifth of this group, is to overruling the objection to the admission of the testimony of a witness, to the effect that he was present in the probate court during the trial of this case there and had seen the judge of that court administer an oath to plaintiff and that she took the statutory oath that she had allowed all just credits and set-offs in the claim that she was presenting at that time against the estate of Joseph A. Goodfellow. We hardly appreciate the force of this assignment but understand the testimony was drawn out in connection with an effort made to show that when plaintiff presented her demand, she had not given credit for the notes which she had made and which were outstanding against her. We cannot believe that this testimony, even if improperly admitted, was prejudicial and certainly would not think of reversing the judgment on account of its admission.

The sixth exception, which is the sixth also of this group, is based on the exclusion of the pleadings in the case of Goodfellow et al. v. Renfrew et al., which was the suit brought in the circuit court to set aside and cancel the first allowance made by the probate court in favor of Mrs. Renfrew. The judgment or decree rendered in that case was in evidence. We are at a loss to understand on what theory the pleadings in it could be admissible; in point of fact, we think it

would have been error to have admitted them and the trial court committed no error in their exclusion.

The seventh and last of this group, which is also the seventh exception, is in permitting testimony showing for what purpose Mrs. Renfrew gave the note set up by defendant as a counterclaim. The only objection that was made to this was that it was immaterial. Under many decisions of this and of our Supreme Court, the objection of mere immateriality, without more, is insufficient to warrant consideration of the objection.

This disposes of this group of seven exceptions, all of which we find cannot be sustained and in none of which are there such errors as would warrant us, in a case of this kind, in reversing the verdict and judgment of the trial court.

The remaining exceptions numbered ten, eleven, twelve, thirteen, fourteen and fifteen, all go to alleged errors in giving and refusing instructions. Taking up these six exceptions in their order and referring to exception number ten, it is bottomed on alleged errors in plaintiff's first instruction, it being claimed that in directing what facts are necessary to enable the jury to find for plaintiff, the court had not excluded from the account of services those which had already been paid for, and because it told the jury that it was for them to take into consideration all the circumstances, including the nature and degree of the relationship of plaintiff to the decedent, in determining whether or not there was an implied contract for compensation for services "without attempting to explain what degree of relationship would relieve payment, or what degree of relationship would imply payment for services," and because that instruction failed to limit the amount of recovery, if any, to the value of the mortgage, the court having permitted that to go in evidence, and there being evidence to the effect that the decedent had promised to give plaintiff the

mortgage in payment for her services which testimony, "if admissible for any purpose, tended to establish an express contract between the plaintiff and the deceased;" and, finally, that it was in error in saying that they could find in the principal sum demanded when that sum covered the full period of one hundred and twenty-one months and nine days, "whereas, the undisputed evidence is that she could not recover in excess of one hundred and eighteen and one-half months." We are compelled to say that we cannot see any substantial merit in any of these objections. We have already disposed of the point made as to there being evidence of an express contract, thereby limiting recovery to the amount of the mortgage, and also of what is claimed to have been an admission of counsel. It was clearly in evidence before the jury exactly what the payments made by Mrs. Renfrew from time to time, through a trust company, had been and what they covered, and the jury could not possibly have been misled as to that. The length of time of the service was for the jury on the evidence. As to the court going into an explanation of the different degrees of relationship by an instruction, we are absolutely unable to see what possible effect that could have had one way or the other. So far as concerns the point made that the instruction omitted to tell the jury that the amount of the mortgage debt should be taken into consideration, it is sufficient to say that the verdict of the jury clearly shows that the note which was substituted for the mortgage notes was taken into consideration and deducted from the amount awarded plaintiff, so that this tenth assignment of error is not maintainable.

The second of these assignments, number eleven, goes to alleged errors in instruction No. 2, and this is attacked for the same reason above mentioned, as also for the further reason that it does not confine the serv-

ices to that of caretaker and nurse. We cannot agree with counsel on this.

The third of this group of assignments is levelled at the concluding part of the third instruction given at the instance of plaintiff. That conclusion is in these words: "If you find from the evidence that plaintiff did render the services mentioned in the evidence." It is argued that the evidence showed that there were other services rendered by plaintiff to the decedent than those of nursing and caretaking. That is true, but it is apparent that throughout the whole trial the difference between the charges for services for which plaintiff was suing and those connected with the board and lodging, which were admittedly paid for and are not in suit, was so clearly before the jury that it was impossible that they could have been misled by this instruction, assuming, as we must, that the jury was composed of men of ordinary intelligence.

The next of this group of assignments, number thirteen, is to the alleged error of the court in refusing to give defendant's instruction number one. By that instruction it was sought to tell the jury that if they found from the evidence that plaintiff rendered the services for defendant but did so without expectation or intention of charging therefor but with the hope and expectation that Jos. A. Goodfellow would especially remember her in his will, then she could not recover, even if the jury found that Goodfellow had left no will. This proposition was so fully and clearly covered by other instructions which were given that it was unnecessary to repeat it. There was no error in refusing it.

The next of this group, number fourteen, is that the court erred in refusing to give defendant's instruction No. 2. That sought to tell the jury that in the event that they found for plaintiff under the other instructions in the case, in arriving at the amount of their verdict they would not take into consideration

any services rendered prior to the second day of November, 1907, provided that they found any services were rendered by plaintiff to Joseph A. Goodfellow prior to that date. It would have been error to have given this instruction. While it was the theory of defendant, and he endeavored to prove by evidence, that anything prior to the second of November, 1902, had been settled for, the evidence on the other side was directly to the contrary and an instruction of this kind would have excluded that and would have been error.

The last of this group of assignments, number fifteen, is that the court erred in the giving of all of the instructions except those given in behalf of defendant, because all of said instructions conflict with each other and with the instructions on behalf of defendant, and the instructions given are therefore conflicting, confusing and misleading to the jury. What we have already said disposes of this. We might dispose of it more summarily by saying that it is not such an assignment as warrants us in considering it, being entirely too indefinite and general and leaving the court to grope around through the instructions and pick out those which may be aimed at by this generalization. But this exception is not warranted by the instructions given and refused. On the contrary, we think that the case was clearly presented to the jury by the instructions given and on a consistent theory and, we may add, it is a gratification to find a case that has been fought as vigorously as this, consuming several days in the trial and with quite a mass of testimony, conducted so absolutely without any material error as is the case here. We have gone over the evidence in this case and the proceedings at the trial probably at more length than warranted. We have had the aid of very full and able briefs and oral arguments. In a case presenting as many points as are made by learned and industrious counsel, it is impossible to deal at great length with each and every point. We are compelled, in a meas-

ure, to generalize. Our conclusion, on full and careful consideration, is that there is no reversible error, no error to the prejudice of this defendant.

The judgment of the circuit court of the city of St. Louis is affirmed. *Nortoni* and *Caulfield, JJ.*, concur.

