MORRIS WARSHAWKY v. THE ANCHOR MUTUAL FIRE INSURANCE COMPANY.

**Insurance:** CONSTRUCTION OF STATUTE: *Burden of proof.* An instruction in an action on a policy on personal property, that the amount stated in the policy should be received as *prima facie* evidence of the insurable value of the property, is erroneous, since Iowa Acts, Eighteenth General Assembly, chapter 211 section 3, so providing, does not apply to personal property.

*Harmless Error.* To so charge is not harmless error, though the verdict following does not allow the face of the policy for the property destroyed.

EVIDENCE. In an action on a policy providing that any false representations as to the condition or occupancy of the property insured, or omission to make known every fact material to the risk, or increasing it, should avoid the policy, it appeared that the application described the building as a "general sales room," and warranted that the application was a full statement of all the facts in regard to the risk. *Held,* that it was error to exclude evidence that the building was used as a residence.

*Same.* And to exclude evidence that such occupancy increased the risk.

PLEAS AND PROOF: *Contradictory issues.* Plaintiff in an action on an insurance policy, may plead both a waiver by the company, of the conditions of the policy as to proof of loss, and a compliance therewith on his part, and may rely upon that one of the pleas which the evidence establishes.

PROOF OF LOSS: *Contract and statute.* Paragraph 3, of Chapter 211, Acts Eighteenth General Assembly, requires the assured to state how the loss occurred, so far as his knowledge goes. *Held,* a proof, which in general terms, describes merchandise destroyed, alleging that it was owned by the insured, and was of a specific value, and which further states, that the origin of the fire is unknown, but is supposed to have been caused by a flue, is a sufficient compliance

with said statute, and being that, is sufficient, though it does not meet the requirements as to proof of loss, contained in the policy.

WAIVER. The assured may insist that proof of loss has been waived, notwithstanding the fact, that he, later, furnishes such proof, from abundance of caution.

*Appeal from Wayne District Court.*—HON. H. M. TOW-NER, Judge.

FRIDAY, MAY 15, 1896.

ACTION at law on a policy of insurance issued by the defendant, to recover the amount of a loss by fire, alleged to be covered by the policy. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals.—*Reversed.*

*Sullivan & Sullivan* for appellant.

*C. W. Steele* for appellee.

ROBINSON, J.—The policy in suit was issued on an application therefor, signed by the plaintiff, and insured him against loss by fire on his general stock of merchandise, to the amount of one thousand dollars. On the seventh day of December, 1893, during the lifetime of the policy, all of the merchandise insured, excepting a portion valued at from thirty to forty dollars, was destroyed by fire. The plaintiff seeks to recover on account of his loss, the full amount of his policy. The defendant admits the issuing of the policy, but denies liability for the loss. The verdict and judgment were for the sum of nine hundred dollars, besides costs.

I. The policy provided, that in case of loss by fire, the insured should forthwith give notice of the loss to the company, and, as soon thereafter as possible, furnish a particular account of the loss, signed and sworn to by him, stating various facts, which

need not be enumerated here, together with a certificate of a magistrate or notary public, stating that he has examined the circumstances attending the loss, and verily believes that the assured has, without fraud, sustained loss on the property insured, to a specified amount. The proof required by the terms of the policy was not furnished to the company. The plaintiff claims that they were waived by the defendant, but that, as a matter of precaution, he submitted, in due time, all the proofs which the statute requires before suit can be brought. Eight days after the loss occurred, the secretary and adjusting agent of the defendant visited the place of the fire, and made some examinations in regard to the loss. In view of the disposition which we find it necessary to make of this case, it would not be proper to say more, in regard to the alleged waiver of proof, than that some of the evidence submitted for the plaintiff, tended to show that there was such a waiver by the adjusting agent. After his visit, and after the alleged waiver was made, but, it is claimed, within sixty days from the date of the loss, the plaintiff sent to the defendant a formal notice and affidavit, which stated that the loss had occurred, giving its date, describing in general terms the merchandise destroyed, and stating that it was owned by the plaintiff, and that it was of the value of one thousand seven hundred and seventy-five dollars. The papers also stated that the origin of the fire was unknown, but that it was supposed to have been caused by a flue. Although the proof thus furnished did not meet the requirements of the policy, it was sufficient, under section 3 of chapter 211, of the Acts of the Eighteenth General Assembly, if made in time. It was said in *Welsh v. Insurance Co.*, 71 Iowa, 339 (32 N. W. Rep. 369), that the object of the portion of that statute, which relates to the proof of loss which is required

of the assured before he can maintain an action on his policy, is "to simplify the proofs of loss necessary to be made, and to prevent insurance companies from availing themselves of technical defenses founded upon unreasonable requirements in making proofs of loss." The statute was in existence when the policy in suit was issued, and governed, and, in a sense, became a part of the contract of insurance. The case of *Williams v. Insurance Co.*, 50 Iowa, 565, cited by the appellant, was decided before this statute was enacted, and has no application to the question under consideration. Nor is this case within the rule of *Brock v. Insurance Co.*, 95 Iowa, 39 (64 N. W. Rep. 686), also cited by appellant. The proof in that case did not show how the fire occurred, nor that its origin was unknown. In this case, the affidavit of the plaintiff contained the following: "I do not know how the fire originated, but from all the circumstances I think it originated from the flue." It also described the place where the property was kept, and stated its actual cash value. The statute required the plaintiff to state "the facts as to how the loss occurred, so far as they are within his knowledge, and the extent of the loss." We think the statements of the affidavit were sufficient. It was not necessary to set out a complete inventory of the property destroyed, since it constituted the larger part of a stock of merchandise.

II. It is argued that by furnishing proofs of loss the plaintiff waived the alleged waiver previously made, and that he cannot rely upon both a waiver and a compliance with the statute. Why he may not do so does not appear. We think it is the right of the plaintiff to plead both, and rely upon that which the evidence establishes.

III. The application described the building in which the property insured was to be kept as a "general

sales-room," and contained a clause to the effect that the application was "a full and complete statement and exposition of all facts in regard to the condition * * * and risk of the property to be insured," and warranting that it was so. The policy made the application a part of the contract of insurance, and provided that any false representations by the assured of the condition or occupancy of the property insured, or any omission to make known every fact material to the risk, or if the premises should be occupied or used to increase the risk, without the consent of the company, in writing, then the policy should be void. There was evidence which tended to show that the plaintiff and one of his employes lived in a part of the building separated from the remainder by a curtain, and that some cooking was done there. An objection to a question which called for declarations of the plaintiff as to the use he was making of the building as a place in which to live, was sustained. The adjusting agent of the defendant was asked whether the using of the premises as a dwelling as well as a sales-room, increased the risk, but an objection to that question was sustained. We do not understand that the objection went to the competency of the witness, but to the relevancy and competency of the answer sought. The policy made the use to which the building in question was devoted, material, and it was proper to show that it was not used as required by the terms of the insurance. It was also proper to show that an unauthorized use of the building increased the risk which the defendant had assumed. See *Stennett v. Insurance Co.*, 68 Iowa, 675 (28 N. W. Rep. 12; *Garretson v. Insurance Co.*, 81 Iowa, 728 (45 N. W. Rep. 1047); *Russell v. Insurance Co.*, 78 Iowa, 220 (42 N. W. Rep. 654). Whether a change in the occupation of the premises increased

the risk, was a question for the determination of the jury. *Martin v. Insurance Co.*, 85 Iowa, 650 (52 N. W. Rep. 534), and authorities therein cited. It follows that the district court erred in rejecting evidence in regard to the use to which the building was devoted, and in not permitting the defendant to show that occupying it for dwelling purposes increased the risk.

IV. The court charged the jury as follows: "The amount stated in the policy shall be received as *prima facie* evidence of the insurable value of the property at the date of the policy. This presumption may, however, be overcome by evidence which satisfies your minds as to its real value. You may also determine what depreciation or diminution in the value of the stock, if any, is shown by the evidence, before the loss occurred. From the evidence submitted, you will determine the actual cash value of the property insured at the date of the loss. You will then determine the actual cash value of the property insured, which was saved from said fire, and the difference will be the measure of plaintiff's recovery. The defendant company will be liable for the actual value of the property damaged or destroyed by said fire, unless such damage or loss exceed the amount of the policy, to-wit, one thousand dollars. In no case can plaintiff's recovery exceed said sum." The inference which the jury would be apt to draw from the first part of the paragraph was that the amount stated in the policy would be presumed to be what the plaintiff was entitled to recover. In an action on a policy of insurance to recover for a loss sustained, the amount stated in the policy is made by section 3 of chapter 211 of the Acts of the Eighteenth General Assembly, *prima facie* evidence of the insurable value, at the date of the policy, of any building insured, and the burden of showing that the actual value was less than that stated, and that there has been a depreciation

in value, is placed upon the insurance company. But it was held in *Joy v. Insurance Co.*, 83 Iowa, 13 (48 N. W. Rep. 1049), that the rule stated does not apply to personal property, and that holding was followed in *Martin v. Insurance Co.*, 85 Iowa, 651 (52 N. W. Rep. 534). Therefore, the court erred in the first part of the paragraph quoted. It is insisted, however, that the error was cured in the last part, and that the error was not prejudicial. We do not find anything in the charge which appears to cure the error. The effect of that was, to make the policy presumptive evidence that the value of the merchandise insured was one thousand dollars, and to place upon the defendant the burden of proving that it was less. It is true, that the jury returned a verdict for less than the value of the property, as stated in the policy, but we cannot say that the jury would have found the plaintiff to be entitled to so large a sum as that fixed in the verdict, had it understood that the plaintiff was required to show, affirmatively, the value of the merchandise he had lost. Some of the evidence tended to show that it did not exceed four hundred dollars. It was the right of the defendant to have the jury properly instructed with respect to the proper method of determining the true value. For the errors pointed out, the judgment of the district court is REVERSED.