FIDELITY–PHENIX FIRE INS. CO. v. SADAU. (No. 619.)

(Court of Civil Appeals of Texas. Amarillo. May 16, 1914.)

1. INSURANCE (§ 553*)—FIRE POLICY—WRITING—FRAUD—FALSE SWEARING.

Where a fire policy provided that it should be void in case of fraud or false swearing by the insured touching any matter relating to the insurance or the subject thereof, whether before or after loss, and if the insured had concealed or misrepresented in writing any material fact or circumstances concerning the insurance or the subject thereof, etc., the "writing" and "fraud" and "false swearing" were applicable to misrepresentations and misstatements in the proof of loss required to be made in writing and to be subscribed and sworn to by the insured.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1362–1366; Dec. Dig. § 553.*]

2. INSURANCE (§ 645*)—MISREPRESENTATIONS—FALSE STATEMENTS—STATUTES.

Rev. St. 1911, art. 4949, provides that any provision in a policy that it shall be void or voidable for misrepresentations or false statements in proofs of loss shall be ineffective, unless it be shown on the trial it has been fraudulently made and has misrepresented a fact material to the insurance company's liability, and that the insurance company has been thereby misled and caused to waive or lose some valid defense to the policy. *Held,* that such provision was applicable to a defense of fraud and misrepresentation in the proofs of loss under a fire policy, which defense was unavailable in the absence of pleading or proof that the insurer had been misled, or that, on account of the proofs filed, by virtue of the misrepresentations therein, it had waived or lost a valid defense to the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1554, 1632–1644; Dec. Dig. § 645.*]

3. INSURANCE (§ 533*)—PROOF OF LOSS—STATEMENT WITH REFERENCE TO FIRE—REQUIREMENTS OF POLICY—REASONABLENESS.

A provision of a fire policy requiring insured to render to the company proof of loss, signed and sworn to, containing an itemized statement of the property claimed to have been lost and damaged, and stating insured's knowledge and belief as to the time and origin of the fire, was reasonable and valid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1320; Dec. Dig. § 533.*]

4. INSURANCE (§ 558*)—FIRE POLICY—PROOF OF LOSS—WAIVER.

Where, after insured had delivered to defendant insurer a statement of his loss, defendant notified him that, if the list of property sent and sworn to was intended as a compliance with the policy showing the facts called for in the policy bearing upon the company's liability, it was unsatisfactory, and unsatisfactory as any compliance with the requirements of the policy as to furnishing information with reference to the loss and the property involved in the fire, as required by the contract, and there was no further suggestion indicating an intention to dispense with proofs of loss, there was no waiver thereof.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1382–1390, 1405; Dec. Dig. § 558.*]

5. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROOFS—APPLICABILITY.

A proposition not germane to the assignment of error under which it is urged will not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Error from Clay County Court; W. T. Allen, Judge.

Action by Frank Sadau against the Fidelity-Phenix Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

See, also, 159 S. W. 137.

Wm. Thompson and Will C. Thompson, both of Dallas, for plaintiff in error. Taylor & Humphrey and Wantland & Parrish, all of Henrietta, for defendant in error.

HENDRICKS, J. The defendant in error, Frank Sadau, instituted this suit in the county court of Clay county against the insurance company, alleging the issuance to him of a policy of fire insurance, covering certain household furniture, claiming a loss of said personal property by fire August 26, 1911. The defendant insurance company, plaintiff in error here, among other things, alleged the numerous and usual provisions of fire insurance policies with reference to notice of loss, and proof of loss, claiming that the plaintiff, Sadau, had failed to make the proof of loss as required by the policy, and also that he was guilty of fraud, as that term is used in the policy sued upon.

The charge of the court briefly instructed the jury that, if the insurance company had issued the policy and the same was in force, and they found that the household goods were destroyed by fire, to return a verdict in favor of the plaintiff and assess his dam-

---

ages at the actual cash value of the property at the time the same was destroyed, with interest thereon at the rate of 6 per cent. per annum from the 1st day of February, 1912.

Appropriate to the discussion of the issues here, omitting some provisions which are not germane, we state that the policy provided, in substance, that when a fire occurred the insured was required to give immediate notice, in writing, to the company; also make a complete inventory of the same, stating the quantity and cost of each article, and the amount claimed thereon, and requiring that within 90 days after the fire, unless such time is extended in writing by the company, the assured shall render a statement signed and sworn to by him, stating his knowledge and belief as to the time and origin of the fire, the interest of the assured and of all others in the property, and the cash value of each item thereof, and the amount of loss thereon, which we understand to be the proof of loss, as distinguished from the notice of loss, as required by the policy, and which is attacked in this cause. The policy also provided that the loss should not become payable until 60 days after the notice and satisfactory proof of the same, required in said policy, shall have been received by the insurance company; and further stipulated that no suit or action for the recovery of any claim shall be sustained in any court of law or equity until full compliance by the assured with the foregoing requirements of said policy.

The plaintiff in error insurance company, by its second and third assignments of error, challenges the verdict of the jury and the judgment of the court in this case, by interposing the issue of fraud and false swearing, on the ground that the evidence was sufficient to go to the jury that the defendant in error, Sadau, intentionally and knowingly presented to the defendant, in his proof of loss, a claim for a loss in excess of the actual loss sustained by him, and also willfully presented to said insurance company a list of articles which were not consumed in said fire, and presented items excessively valued, for the purpose of obtaining money in excess of the actual loss sustained by him; the insurance company embodying said issue in different phases in two special instructions rejected by the court, and upon which the assignments are based.

We believe, after a scrutiny of the testimony, with the inferences derivable therefrom, viewing it solely as a jury question, as to the sufficiency of same to prove the issue, that the special charges should have been given, unless inapplicable by virtue of article 4949 of the Revised Statutes on the matter of false statements and proof of loss:

"Any provision in any contract or policy of insurance issued or contracted for in this state, which provides that the same shall be void or voidable, if any misrepresentations or false statements be made in proofs of loss * * * shall be of no effect, and shall not constitute any defense to any suit brought upon such contract or policy, unless it be shown upon the trial of such suit that the false statement made in such proofs of loss * * * was fraudulently made, and misrepresented a fact material to the question of the liability of the insurance company upon the contract of insurance sued on, *and that the insurance company was thereby misled, and caused to waive or lose some valid defense to the policy.*"

We are unable to ascertain any construction of this provision of the statute by any of the courts of this state; and, according to the investigation we have made, we are unable to find a similar statute embodied in the insurance law of any other state. An analysis of this provision, we think, places a greater burden upon insurance companies, in order to avoid insurance policies in the event of false swearing, than was formerly placed thereon by the courts. Formerly, in the event of misrepresentations or false swearing, made in proofs of loss, where it is provided that the same shall be void, it was not required that the insurance company, in order to avoid the policy, had been misled on account of such false statement, or had thereby lost some valid defense to the policy; the falsity of the statement, especially if intentionally and willfully made, was sufficient of itself to avoid the insurance, unless the presentation of the proof of loss had been waived by some act or omission of the insurance company avoiding the existence and necessity of any such proof. The plaintiff in error is evidently basing its defense of fraud in this cause, applicable to the particular subject, on the alleged false swearing by the insured embodied in the proof of loss. The statement, for the purpose of sustaining the assignments, says:

"The entire policy shall be void * * * in case of any fraud or false swearing by the insured, touching any matter relating to this insurance or the subject thereof, whether before or after the loss."

The policy states that it—

"shall be void if the insured has concealed or misrepresented in writing * * * any material fact or circumstance concerning this insurance or the subject thereof, * * * or in case of any fraud, or false swearing, by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

[1] The "writing" and the "fraud" and "false swearing" designated in the policy, as applicable to the distinct question attempted to be raised by the plaintiff in error, is likewise referable to the misrepresentations and misstatements in the proof of loss required to be made in writing, and required to be subscribed and sworn to by another provision of the policy as heretofore indicated.

[2] We believe the statute quoted is applicable, and the insurance company has not exhibited any pleading, nor does the evidence raise the issue that it has in any wise been misled, or on account of the proof of loss, by virtue of the misrepresentations therein, it has waived or lost any valid defense to said policy; and, as presented, the trial

court should have refused the two special instructions under the pleadings and proof.

The fourth assignment of error challenges the refusal of the trial court to submit to the jury the alleged issue of the sufficiency of the proof of loss as a compliance with the contract, and presented by a requested charge, upon which the assignment is based. The requested charge is general, but sufficient to present the issue, if, under the law, it should have been submitted. The statement presented by the insured to the insurance company was an itemized list of the personal property claimed by him to have been destroyed, subscribed and sworn to, describing the property destroyed, with the values designated as representing the true value of each item belonging to him covered by the policy. The insurance company objected to the introduction of any evidence of the proof of loss, on the ground that it did not disclose the information required in the policy, and that it was not presented to the company within the time required by the policy.

The insured did not prove that within 90 days after the fire he presented to the insurance company the sworn statement provided by the policy; it is not shown in this record how it was presented, whether mailed or presented in person, and the only proof is, on account of a letter written by the attorneys of the defendant, that said proof of loss must have been in the possession of said company at that time. The courts are divided upon the question whether the time period mentioned in the policy within which the proof of loss is to be made is exclusive as a precedent condition to the institution of a suit; some of the courts holding that the presentation of the statement within the time, if not waived, is a prerequisite of liability; other courts holding that, unless the policy in express terms provides for a forfeiture in the event that the proof is not made within the time specified in the contract, time is not of the essence of the contract, the following cases being illustrative of latter holding: Insurance Co. v. Owens, 69 Kan. 602, 77 Pac. 544; Insurance Co. v. Knight, 111 Ga. 622, 36 S. E. 821, 52 L. R. A. 70, 78 Am. St. Rep. 216; Assurance Co. v. Hanna, 60 Neb. 29, 82 N. W. 97; Gerringer v. Insurance Co., 133 N. C. 407, 45 S. E. 773; Insurance Company v. Whitaker, 112 Tenn. 151, 79 S. W. 119, 64 L. R. A. 451, 105 Am. St. Rep. 916; and many others which could be cited. We believe that the case of Sun Mutual Insurance Company v. Mattingly, 77 Tex. 162, 13 S. W. 1016, decided by Justice Gaines upon a proper conception of the decision, is persuasive of the same doctrine enunciated by the foregoing cases cited by us.

Some of the courts, in refusing to construe the time period designated in the contract as exclusive with reference to the presentation of the proof of loss, stress the point that, where the policy contains conditions of for-feiture declaring the policy void as to other matters for failure to comply, and not stating that the failure to present the proof within the time mentioned will avoid the policy, it is argumentative that forfeiture was not intended as to the time designated, and that time was not of the essence of the contract, which is the status of this particular policy.

[3] However, the policy does provide that the statement which is required to be signed and sworn to by the insured, and rendered to the company, shall state the knowledge and belief of the insured as to the time and origin of the fire. We are unable to find any decision in the books to the effect that a provision of this character is unreasonable. We discover several decisions presumptively arguing that the provision is reasonable and enforceable; some by virtue of statutes requiring a standard form of policy to contain such a provision, or some equivalent provision. However, because a statute prescribes such a provision in a standard form of policy, or because the contract provides it without a statute, does not add to, or detract from the strength of the provision upon the elementary proposition of a contract, if intrinsically it is a reasonable requirement to be complied with by the insured.

We find it is held that, where it is stated that a certain fire originated in an attic, but how it originated, or the cause thereof, is unknown, and that it did not originate by any design or procurement of the insured, is sufficient. Hartford Insurance Co. v. Redding, 47 Fla. 228, 37 South. 63, 67 L. R. A. 518, 110 Am. St. Rep. 118, by the Supreme Court of Florida. To the same effect is the case of Warshawky v. Anchor Mutual Fire Insurance Co., 98 Iowa, 221, 67 N. W. 237, by the Supreme Court of Iowa. The mere statement in the proof of loss that the fire did not originate by "any act, design, or procurement" of the insured, and that nothing had been done "by or with his consent" to violate the provisions of the policy, or render the same void, was held sufficient, as a statement in a negative form of the origin of the fire, by the Supreme Court of Pennsylvania, in the case of Howard Ins. Co. v. Hocking, 115 Pa. 415, 8 Atl. 592. To the same effect is the case of McNally v. Phœnix Ins. Co. of Brooklyn, 137 N. Y. 389, 33 N. E. 475.

In the case here there is no showing whatever that any statement was made, affirmatively, negatively, or otherwise, as to the origin of the fire, or that the insured was not in possession of any facts, and had not any knowledge or belief on the subject. The Supreme Court of Iowa said in a case where "there was no statement as to how the fire originated" the proofs of loss were not such as required by law. Brock v. Des Moines Ins. Co., 96 Iowa, 39, 64 N. W. 686. It is true the statute of Iowa required the insured to make the statement, but, as applied to the particular cause, as stated, we are unable to discern the difference in the mandatory fea-

ture of the requirement between a contract requiring the insured to make such a statement and a statute imposing the same thing.

The insurance policy in the case of Insurance Co. v. Clancy, 83 Tex. 114, 18 S. W. 440, decided by the Commission of Appeals of this state, involved a policy requiring the insured to present to the company an account of the loss under oath, "stating the time, origin, and circumstances of the fire." In reading the same case on the first appeal (71 Tex. 5, 8 S. W. 630), we infer that the sworn inventory made in the cause was similar to the sworn inventory made here. Upon the last appeal (83 Tex. 115, 18 S. W. 440), after setting out the provisions of the insurance policy, including the one quoted, the court said:

"That the parties entering into a contract containing the foregoing stipulations are bound by the same is well settled. * * * The inventory furnished by the plaintiff to the company possessed so few of the features of the proof of loss required by the policy, and was so plainly inadequate as such that the court properly instructed the jury that it was not sufficient for that purpose, unless waived by the company."

It is true that the provision with reference to the arbitration feature of the policy of insurance was the principal subject under litigation and in the court's mind, in rendering the opinion mentioned. However, we are prone to regard the cause as some authority along the same line.

[4] Appellee contends that the proof of loss was waived. We find no pleading whatever in this record meeting the facts of this case for the purpose of proving any waiver. There is a pleading that plaintiff gave defendant "due notice and proof of loss * * * according to the conditions specified in said policy," and that the adjuster of the defendant accepted the same and agreed with plaintiff that the same was sufficient, and that the company would not demand further proof of loss, and has made no objections or demanded further proof of loss since the delivery of same. There is no support in the record of this pleading. Neither do we find in this record a denial of liability, but there is a notification by the insurance company to the insured to the effect that, if the list of the property sent to it and sworn to was intended as a compliance with the policy, "showing the facts called for in the policy bearing upon the question of the liability of the company," the same is unsatisfactory, and is unsatisfactory as any "compliance with the requirements of said policy as to the furnishing of information bearing upon the loss under the policy and the property involved in the fire as required by said contract." There is no suggestion in this record that this letter, or any other fact in this record which "indicates an intention or desire to dispense with the very requirements inserted in the policy for the purpose of enabling the

company to arrive at this loss." The Clancy Case, 83 Tex. 113, 18 S. W. 440, last quoted from, though the facts are not similar, is authority on the question of the proof of waiver.

The act of the Legislature of 1910 creating the state insurance board, empowering such board, and making it its duty, to establish uniform policies (article 4891), was in effect at the time this insurance policy was written, in July, 1911. We are not advised, however, by the record whether, at the particular time this policy was issued, a standard form of policy, containing this provision, or excluding the same, had been promulgated by said board, under article 4891, and furnished to this particular company, under the provision of that act. This board prescribes all standard forms, the clauses and the indorsements to be used on, or in connection with the same; and the insurance company, within a certain time after the policy has been promulgated and furnished by the board, is required to adopt and use the same and no other. In the condition of the record, we are required to act upon the presumption that this policy is a valid, and not a void, policy, and that the provision valid under the common law is to that extent determinative in passing upon this case.

[5] The second proposition of the appellant, under the fourth assignment of error just discussed by us, raising the question of interest due upon the loss, is not germane to the assignment, and is not discussed by us.

This cause should be reversed and remanded for a new trial, upon the error indicated, and it is so ordered.